FILED

2010 MAY 19 P 1: 07

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT CALIFORNIA

Nancy A. Palandati (SBN 169987); npalandati@pglawllp.com
Peter Goldstone (SBN 221220); peter@pglawllp.com
PALANDATI- GOLDSTONE LLP
703 Second Street, Suite 411
Santa Rosa, California 95404
Ph: (707) 222-3115
Fx: (707) 237-6070

Attorneys for Plaintiffs SHUVALOVA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

EMC

CV 10 2159

| | |
|---|---|
| NATALYA SHUVALOVA and ELIZABETH SHUVALOVA,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH RICHARD CUNNINGHAM, DANIEL CUNNINGHAM, and DOES 1 – 10 Inclusive.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES** |

Plaintiffs NATALYA SHUVALOVA and her daughter ELIZABETH SHUVALOVA, by and through their undersigned attorneys, with personal knowledge as to themselves and their actions and otherwise upon information and belief, hereby allege as follows:

## I.    INTRODUCTION

1.    Human trafficking is a modern-day form of slavery, involving victims who are forced, defrauded, or coerced into sexual or labor exploitation. Trafficking in human beings is reaching epidemic proportions throughout the world, including right here in the United States. Former President Bush called human trafficking a special kind of evil in the abuse and

1    exploitation of the most innocent and vulnerable, and Congress, recognizing the countless human

2    tragedies such practices inflict, passed the Trafficking Victims Protection Reauthorization Act of

3    2003 (the TVPRA), establishing a private cause of action for victims of human trafficking in

4    order to ensure both that victims can be made whole and that the perpetrators of this inhuman

5    practice are fully deterred from committing such acts. This action is brought under the TVPRA

6    and other state and federal laws to seek just compensation for a victim of human trafficking.

7          2.     Natalya Shuvalova and her daughter Elizabeth (Liza) are just two of the tens of

8    thousands victims of human trafficking in the United States, brought into this country under false

9    promises. Defendants Joseph Cunningham (Joe) and Daniel Cunningham (Dan), his middle-

10   aged son, knowingly and willfully conspired to lure Natalya to bring her minor daughter, Liza,

11   from their home in Russia, with false promises of joining a loving and supportive family through

12   marriage. Joe spent two years "wooing" Natalya, visiting her and her daughter in Europe on

13   multiple occasions and proposed marriage. These promises turned out to be horribly false. Once

14   on Joe's isolated, rural property in Lake County Joe began a campaign of abuse and terror

15   subjecting Natalya and Elizabeth to what would become more than seven long months of

16   backbreaking labor and psychological abuse. Defendants' fraudulently induced Plaintiffs to

17   move from their home in Russia, to be forced into involuntary servitude.

18

19         3.     Plaintiff brings this civil action under the TVPRA, the California Labor Code, the

20   Fair Labor Standards Act (FLSA), state common law, and other provisions of federal and state

21   law. By this complaint, Plaintiffs seek redress for these egregious violations of their basic human

22   and civil rights.

23                              **II.     JURISDICTION**

24         4.     Jurisdiction of the subject matter of this action is established under 28 U.S.C.

25   Section 1331, the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* and the Trafficking Victims

26   Protection Reauthorization Act, 18 U.S.C. § 1589 *et. seq.*

27         5.     This Court has supplemental jurisdiction over the related state law claims asserted

28

---

Complaint For Damages                                    *Shuvalova, et al. v. Cunningham, et al.*

1 herein under the doctrine of pendent jurisdiction and pursuant to 28 U.S.C. § 1367. Supplemental

2 jurisdiction over these claims is appropriate because they arise from the same common nucleus

3 of operative facts from which the federal claims arise.

4     6.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all the

5 Defendants reside in this District, and because a substantial part of the events and omissions

6 giving rise to the claims occurred in this District.

### III.   PARTIES

7     7.    Plaintiffs Natalya Shuvalova (Natalya) and her daughter, Elizabeth Shuvalova

8
9 (Liza) were at all times relevant, residents of Lake County, California in, in Defendant Joseph

10 Cunningham's home for approximately seven months before they successfully escaped to a

11 women's shelter in Sonoma County. Following their escape from Defendants, and through the

12 present they reside in San Francisco County.

13

14     8.    Defendant Joseph Cunningham (Joe) is a resident of Lake County, California and

15 owns the Lake County property where Plaintiffs were held captive, before their escape.

16 Plaintiffs do not know where Defendant Daniel Cunningham (Dan) lives, but are informed and

17 believe that he is a resident somewhere in Northern California and lived most, if not all relevant

18
19 weekends a Joe's property in Lake County.

20     9.    Plaintiffs are ignorant of the true names and capacities of Defendant DOES 1

21 through 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs are

22 informed and believe and thereon allege that each Defendant so named is responsible in some

23
24 manner for the injuries and damages suffered by Plaintiffs as set forth herein. Plaintiffs will

25 amend this complaint to state the true names and capacities of Defendant DOES 1 through 10,

26 inclusive, when they have been ascertained.

27
28

---

Complaint For Damages                     *Shuvalova, et al. v. Cunningham, et al.*

10.     At all times herein mentioned each DOE Defendant was the agent or employee of Defendants Joe and Dan, and in doing the things alleged, were acting within the course and scope of such agency or employment, and with the actual or implied permission, consent, authorization, and approval of Defendants Joe and Dan.

11.     Due to the fraudulent nature of Plaintiffs' living at the subject property, Joe was an employer pursuant to the FLSA and the California Labor Code.

## IV.     FACTUAL ALLEGATIONS

### REPRESENTATIONS TO PLAINTIFF

12.     Natalya (a native of Russia) met Joe (a United States citizen) through a computer dating service, eHarmony, in October, 2005. They developed a personal relationship over a two-year period that included daily emails and hours of phone calls throughout the week. They vacationed together in Poland twice, for two weeks each time. Joe discussed marriage and lifetime commitment with Natalya and proposed to her in October 2005.

13.     Joe promised to take care of Natalya and her daughter Liza (who was 16 at the time) and provide them with a loving home and a commitment to Natalya as his wife.

14.     Natalya agreed to the marriage and she and her daughter moved to the United States in reliance of these promises. She left her job, her home, her family – with the exception of her minor daughter – to live with Joe. Liza gave up her musical education and career to come to the United States with her mother. Natalya used her savings to secure the necessary visas and travel documents to leave Russian and enter the U.S. The couple agreed that Natalya and Liza would come to the U.S. in February 2008 and live with Joe.

### JOE'S ABUSIVE TREATMENT TOWARDS PLAINTIFFS

15.     Plaintiffs arrived in California in February 2008 and immediately moved in to 2830 Mediros Lane, Clearlake, California. Joe is the owner of 2830 Mediros Lane, a rural, isolated property. Dan is Joe's 35-year old son; Dan lived at the property off and on during

1 relevant times of this complaint. Joe and Natalya were married on May 3, 2008.

2     16.    Within weeks of moving in, Joe began a campaign of physical and verbal threats,

3 aggressive behavior and psychological torture directed at both Plaintiffs, keeping and treating

4 them as virtual slaves.

5     17.    Joe frequently yelled and screamed at both mother and daughter, cursing at them,

6 using obscene and threatening language. He cursed at Liza, especially when he was dissatisfied

7 with the heavy physical labor he had her doing hours every day, calling her "dumb," a "stupid

8 bitch," a "lazy ass" and a "fucking bitch." He told Liza that she was too stupid to go to school

9 and prevented her from going to school until mid-September. When doing her homework, Joe

10 would stand over her and yell at her for perceived mistakes and tell her that she was stupid or too

11 stupid to go to school, but demanded that she spend five hours a day memorizing the dictionary.

12 He prevented Liza from leaving the house until approximately July 2008.

13

14     18.    Joe frequently called Natalya "bitch," "fucking bitch," "stupid bitch." When

15 Natalya tried to intervene and protect her daughter, Joe called Natalya (a professional translator

16 in her native Russia) an "unprofessional dumb shit" and a "stupid bitch." He told Natalya that

17 she was a bad mother and repeatedly threatened Natalya with serious physical harm. As things

18 deteriorated, Joe started in with death threats against Natalya. He told Natalya that she would

19 regret it if she told anyone on the outside what happened on his property. He told Liza that her

20 mother would be sorry if Natalya failed to do as he wanted and later asked Liza to assist him in

21 getting rid of her mother. When Natalya complained that Joe was not providing her and her

22 daughter with enough food to eat, Joe threatened to send Liza back to Russia and said that he

23 didn't want to pay money for food or heat Liza's bedroom. Natalya was forbidden to leave the

24 house except to go with Joe to church. He forced her to perform heavy manual labor on his

25 property for hours daily.

26     19.    Joe threatened both by Plaintiffs by kicking at and throwing furniture, plates and

27 cups at them; he kept guns and large knives displayed throughout the house, lying on tables and

28

---

Complaint For Damages                                                                *Shuvalova, et al. v. Cunningham, et al.*

1 within easy reach. He often grabbed weapons in his frequent bouts of rage, and threatened
2 Natalya and Liza with eminent, physical harm.

3     20.     Joe (with Dan's help) forced both Plaintiffs to engage in heavy, manual labor
4 from the onset of their residency at the home. Natalya was actually locked out of the house for
5 hours daily, forced to move around earth, large rocks and stones, remove brush and debris on the
6 large, rural property. She was forced to do this work 8 – 10 hours a day or more, usually seven
7 days per week. Joe would not allow Natalya to rest or drink water during this grueling work.
8 Joe forced Liza to perform the same activities for at hours each day, sometimes to the point of
9 exhaustion.
10

11     21.     Joe controlled all outside contact that Natalya and Liza had with the outside
12 world. He prevented Natalya and Liza from leaving the house during most of the 7 months that
13 Plaintiffs lived with Defendants. Natalya was usually allowed to leave only when accompanied
14 by Joe, to attend church. Joe prevented Liza from leaving the home at any time, until July, 2008
15 and greatly restricted her movements off the property even after that time. No one was allowed
16 to visit for months after Natalya and Liza moved in. Defendants intercepted or blocked emails
17 and internet access and prohibited Plaintiffs from using the phone. Joe refused to allow Liza to
18 attend school until weeks before Plaintiffs escaped, despite the fact that she had excelled
19 musically and academically in Russia. Joe repeatedly threatened Natalya that she would "regret
20 it" if she ever disclosed to anyone what occurred in the home.

21     22.     As things worsened, Joe threatened Plaintiffs with physical violence and death if
22 they should disobey him or if they should tell anyone about what was going on inside the home.
23 He enforced these threats by physical force, including grabbing and violently shaking Natalya,
24 throwing crockery, kicking chairs, demonstrating and talking about firearms and large knives.
25 He told Natalya that he had people that would come after her and take care of her if she left, and
26 told Liza that he wanted to "get rid of" her mother. These remarks were made in the context of
27 Joe frequent tirades and the Plaintiffs interpreted them as a death threats. He told Natalya that he
28

Complaint For Damages                                 *Shuvalova, et al. v. Cunningham, et al.*

had people that would "take care of" her if she should disobey him. He often bragged to Natalya that because he is a lawyer, he could easily manipulate the legal system, leaving her no recourse.

23.     Joe, against Natalya's protestations, forced Liza to massage his naked body for hours, in his bedroom behind closed (and often, locked) doors, several times a week. He would force her to straddle his naked body and suggested that Liza remove her clothing. During these massages, Joe often told Liza that she should feel comfortable walking around the house naked. Natalya was often locked out of the house during these sessions.

24.     Joe routinely asked Liza about her supposed sex life both with a boyfriend she had back home and with a boy she talked about, in Clearlake. He talked explicitly about sex with her, asking about her experiences with sexual intercourse and oral sex. Liza told him that she did not want to discuss such things with him and that it made her feel very uncomfortable.

25.     Weeks before escaping, Liza developed a severe ear infection. Joe prevented her from receiving medical treatment for days, instead physically restraining Liza and forcing some concoction he had boiled up, into her ear. Natalya protested Joe's actions and he locked her out of the bedroom during his treatment. He then forced Liza to take unknown, expired prescription medicine Joe had in the house. Only after this abuse was Natalya's male acquaintance able to convince Joe to allow him to take Liza in for emergency medical treatment.

DAN'S ABUSIVE TREATMENT TOWARDS PLAINTIFFS

26.     Dan, Joe's 35-year old son, lived at the house during the weekends. He is a very large man who claims to weigh 400 pounds and is well-over six feet tall. He routinely grabbed at and touched Liza's crotch, buttocks and breasts and made sexual references about her body. He frequently grabbed her from behind and lifted her, often forcing her to sit on his lap and restricted her movements. He forcibly kissed her and fondled her, told her that he was a virgin and that she could "please" him a lot and he wanted to be her boyfriend. On numerous occasions, Dan burst into Liza's bedroom while she was in the middle of dressing. He stood and stared at her in her underwear and would not leave. At other times, he came into the bathroom

1   while she was showering.  When Liza protested these invasions, Dan said it was "no big deal"

2   because they were now family.

3       27.     Dan's physical presence at the property was a constant reminder of the Plaintiffs'

4   powerlessness to escape, have privacy or even physical safety.

5   THE ESCAPE:

6       28.     Plaintiffs' ordeal ended only when they were able to sneak off the property on

7   September 27, 2008 and with the assistance of friends, escape to a Sonoma County women's

8   shelter.  They have been forced to live in fear in a woman's shelter ever since their escape.

9

10                          V.     CLAIMS FOR RELIEF
                              FIRST CLAIM FOR RELIEF
11                      (TVPRA, Forced Labor, 18 U.S.C.A. §§ 1589, 1595)
                              (All Plaintiffs Against Defendants)
12

13       29.     Plaintiffs hereby refer to and incorporate each and every allegation set forth in

14   Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

15       30.     The forced labor provision of the Trafficking Victims Protection Reauthorization

16   Act ( TVPRA), 18 U.S.C. Section 1589, establishes that whomever knowingly provides or

17   obtains the labor or services of a person (1) by threats of serious harm to, or physical restraint

18   against, that person or another person; (2) by means of any scheme, plan, or pattern intended to

19   cause the person to believe that, if the person did not perform such labor or services, that person

20   or another person would suffer serious harm or physical restraint; or (3) by means of the abuse or

21   threatened abuse of law or the legal process shall be fined or imprisoned not more than 20 years,

22   or both.

23

24       31.     Joe knowingly induced Natalya and Liza to come to the United States with

25   promises of marriage and a loving family, instead physically, emotionally and psychologically

26   abusing Plaintiffs over more than seven months of virtual slavery.  Both Joe and Dan engaged in

27   a pattern of emotional, physical and psychological threats and acts to force Plaintiffs to stay at

28

1  Joe's property and comply with their demands.

2     32.    Both Defendants knowingly obtained Plaintiffs' services, by their scheme, plan or

3  pattern intended to cause Natalya and Liza to believe that, if they did not perform the labor or

4  sexual services Defendants demanded, they would suffer serious harm, physical restraint,

5  deportation and even death.

6     33.    Defendants knowingly obtained services by means of the abuse or threatened

7  abuse of the law or the legal process.

8     34.    Defendants used force, threats and intimidation to hold Plaintiffs in captivity and

9  force them to work without paying them the compensation required by law.

10    35.    As a result of Defendants conduct, Plaintiffs have suffered damages in an amount

11  to be determined at trial.

12    36.    Pursuant to 18 U.S.C. Section 1595, Plaintiffs Natalya and Liza are entitled to

13  recover damages and reasonable attorney s fees for Defendants wrongful conduct.

14

15                          **SECOND CLAIM FOR RELIEF**
                 (TVPRA, Trafficking Into Servitude, 18 U.S.C.A. §§ 1590, 1595)
16                              (Against All Defendants)

17

18    37.    Plaintiffs hereby refer to and incorporate each and every allegation set forth in

19  Paragraphs 1 through 36 of this Complaint as though fully set forth herein.

20    38.    The trafficking into servitude provision of the TVPRA, 18 U.S.C. Section 1590,

21  provides: Recruiting, harboring, transporting, providing, or obtaining by any means any person

22  for labor or services in violation of laws prohibiting slavery, involuntary servitude, debt bondage

23  or forced labor shall subject defendant to fines.

24    39.    As set forth herein, Defendants knowingly recruited, harbored, transported,

25  provided, and obtained Natalya and Liza to provide labor and sexual services to each of

26  Defendants.

27    40.    As a result of Defendants conduct, Plaintiffs have suffered damages in an amount

28

Complaint For Damages                                    *Shuvalova, et al. v. Cunningham, et al.*

1 | to be determined at trial.

2 |     41.    Pursuant to 18 U.S.C. § 1595, Plaintiffs are entitled to recover damages and

3 | reasonable attorney s fees for Defendants' wrongful conduct.

### THIRD CLAIM FOR RELIEF
(Invasion of Privacy)
(All Plaintiffs Against All Defendants)

42.    Plaintiffs hereby refer to and incorporate each and every allegation set forth in Paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43.    All Defendants violated Plaintiffs' personal privacy by acting in a manner which had the effect of putting Plaintiffs in such close proximity of the Defendants at all times, including all non-work hours, as to eliminate Plaintiffs' personal privacy by effectively disallowing it. Defendants limited Plaintiffs communications with and without their knowledge and/or consent, restricted Plaintiffs' access to the phone, internet and email; prevented or greatly restricted access to friends and the outside world; intruded into Plaintiff s' bedroom and bathroom while showering and in a state of undress.

44.    Dan barged into Liza's bedroom and bathroom knowing that she was in a state of undress or nudity. He physically restrained Liza and groped and pawed at her body. He acted in concert with Joe to keep Natalya and her daughter physically isolated from each other and normal contact with the outside world.

45.    Joe controlled nearly every waking moment of each Defendant, forcing them to engage in heavy, manual labor and sexually offensive acts. Joe removed or prevented Natalya from entering the house and kept her away from her daughter by locking her out of the bedroom or house. He kept each Plaintiff in a constant state of fear for their own safety and for the safety of each other.

---

Complaint For Damages                            *Shuvalova, et al. v. Cunningham, et al.*

46.     As a proximate result of said conduct, Plaintiffs suffered an intrusion into their solitude, seclusion, privacy and personal affairs, entitling them to damages in amounts to be proven at trial.

### FOURTH CLAIM FOR RELIEF
(False Imprisonment)
(All Plaintiffs Against All Defendants)

47.     Plaintiffs hereby refer to and incorporate each and every allegation set forth in Paragraphs 1 through 46 of this Complaint as though fully set forth herein.

48.     Defendants violated Plaintiffs' personal liberty by acting in a manner which had the effect of confining them against their will and limiting their contact with anyone from the outside world. Defendants significantly limited Plaintiffs' contact with family and other support networks. Defendants accomplished this constraint and restraint throughout the negligent and intentional use of physical force, economic force, express and implied threats of physical force, fraud, legal action and even death, and by acting in a manner which had the effect of threatening harm to Plaintiffs if they attempted to escape. Defendants further accomplished this by keeing Mother from Daughter, and threats of deportation. Plaintiffs' false imprisonment ended on or about September, 27, 2008, by physically fleeing the property. Defendants had no privilege, permission or consent to retrain, continue and detain Plaintiffs.

49.     As a proximate result of said conduct, Plaintiffs suffered an intrusion into their solitude, seclusion, privacy and personal affairs, entitling them to damages in amounts to be proven at trial. Defendants committed the acts alleged in this Complaint with the wrongful intention of injuring Plaintiffs with an improper motive amounting to malice, in conscious disregard of Plaintiffs' rights. Because Defendants actions were willful, wanton, malicious and oppressive, Plaintiffs' are also entitled to an award of punitive damages

Complaint For Damages                                    *Shuvalova, et al. v. Cunningham, et al.*

11

1

2

3

## FIFTH CLAIM FOR RELIEF
(Fraud)
(All Plaintiffs Against Defendant Joe Cunningham)

4

5

50.     Plaintiffs hereby refer to and incorporate each and every allegation set forth in Paragraphs 1 through 49 of this Complaint as though fully set forth herein.

6

7

8

9

10

11

12

13

14

15

16

51.     Joe and his agents intentionally and /or negligently made representations of material fact in telling Natalya that he would provide a loving, supportive home for her and her daughter. Plaintiffs reasonably believed these representations and uprooted their home in Russia and immigrated to the United States. These representations were in fact false. The truth was that Joe wanted Plaintiffs to come to the United States to serve as virtual slaves. When Joe made the representations, he knew they were false and/or had no reasonable ground for believing that the presentations were true. He made the representations with the intent to defraud and induce Plaintiffs to come to the United States. At the time Plaintiffs acted, Plaintiffs did not know the representations were false and believed they were true. Plaintiffs acted in justifiable reliance upon the truth of the representations.

17

18

19

20

52.     As a proximate result of said conduct, Plaintiffs suffered an intrusion into their solitude, seclusion, privacy and personal affairs, entitling them to damages in amounts to be proven at trial.

21

22

## SIXTH CLAIM FOR RELIEF
(Assault & Battery)
(Against All Defendants)

23

24

53.     Plaintiffs hereby refer to and incorporate each and every allegation set forth in Paragraphs 1 through 52 of this Complaint as though fully set forth herein.

25

26

27

28

54.     Defendants subjected Plaintiffs to offensive and harmful nonconsensual physical contact and caused them to be constantly apprehensive that they would be subjected to nonconsensual intentional invasion of their right to be free from offensive and harmful physical

contact.

55. As a proximate result of said conduct, Plaintiffs have suffered and continue to suffer extreme mental distress, humiliation, anguish and emotional and physical injuries and economic losses, all to their damage in amounts to be proven at trial.

## SEVENTH CLAIM FOR RELIEF
(Violations of the Fair Labor Standards Act)
(Against All Defendants)

56. Plaintiffs hereby refer to and incorporate each and every allegation set forth in Paragraphs 1 through 55 of this Complaint as though fully set forth herein.

57. The Fair Labor Standards Act, 29 U.S.C. § 200 *et seq.*, provides that an employee be paid the minimum wage as required by law. At all relevant times, Plaintiffs were employed by Defendants and were entitled under the FLSA to be paid the minimum wage for all hours worked.

58. Plaintiffs, non-exempt employees, performed work for each of the individual Defendants at all times alleged herein.

59. Defendants knowingly and willfully required, suffered or permitted Natalya to work hours well beyond a normal work day, including working up to or even more than 14 hours a day, seven days a week, and knowingly and willfully failed and refused to pay her the minimum wage for hours worked as required under federal law.

60. Defendants knowingly and willfully required, suffered or permitted Liza to work and knowingly and willfully failed and refused to pay her the minimum wage for hours worked as required under federal law.

61. Defendants have specific employment record-keeping obligations under the FLSA, 29 U.S.C. § 211(c), including making, keeping, and preserving records of their employees and of the wages, hours, and other conditions and practices of employment maintained by Defendants. Defendants are obligated to accurately record the actual number of hours that each

Complaint For Damages                                                  *Shuvalova, et al. v. Cunningham, et al.*

1 employee works. Plaintiffs are informed and believe and on that basis allege that Defendants

2 have failed to keep adequate employment records and have not properly or adequately recorded

3 hours worked during her employment.

4 62. Defendants knew, should have known, or showed reckless disregard for the FLSA

5 provisions applicable to Plaintiffs and willfully, intentionally and without good faith violated

6 these laws.

7

8 63. As a result of Defendants willful violations, Plaintiffs are entitled to receive

9 liquidated damages in an additional amount above the wages already due them, reasonable

10 attorneys fees and costs in amounts to be proven at trial pursuant to 29 U.S.C. § 216(b).

11 ## EIGHTH CLAIM FOR RELIEF

12 (Violation of the California Labor Code/Failure to Pay
Minimum Wages and Overtime)
13 (Against All Defendants)

14

15 64. Plaintiff hereby refers to and incorporates each and every allegation set forth in

16 Paragraphs 1 through 63 of this Complaint as though fully set forth herein.

17 65. California Labor Code §1197 provides that the failure of any employer to pay an

18 employee the minimum wage for hours worked as established by state law is unlawful. Section

19 1194 provides that any employee who has received less than the legal minimum wage ($8.00 per

20 hour during all relevant times in this complaint) or legal overtime compensation is entitled in a

21 civil action to the full balance of such minimum wage and overtime pay, including interest,

22 attorneys fees and costs of suit. Under § 1194.2(a) an employee shall be entitled to recover

23 liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon for

24 an employer s failure to pay less than the minimum wage.

25

26 66. All employers must provide meal periods and rest periods to employees, in

27 compliance with California Code of Regulations (8 C.C.R. § 11150). No employer shall employ

28 an employee for a work period of more than 10 hours per day without providing the employee

Complaint For Damages                                  *Shuvalova, et al. v. Cunningham, et al.*

two separate meal periods of not less than 30 minutes each. Every employer shall authorize and permit all employees to take rest periods based on the total hours worked daily at the rate of 10 minutes rest for every 4 hours worked or major fraction thereof. Authorized rest periods shall be counted as hours worked for which the employer shall not take deductions from an employee wages.

67. 8 C.C.R. § 11150 provides that every employer shall keep accurate employment records, including accurate time records showing when the employee begins and ends each work period, meal periods, and the total number of hours worked each day. The employer is also required to provide an employee with an itemized statement in writing showing: (1) all deductions, (2) the dates for which the employee is being paid, (3) the employee s name and (4) the employer s name.

68. Defendants knowingly and willfully required, suffered or permitted to work in violation of these standards, and knowingly and willfully failed and refused to pay Plaintiff overtime wages for overtime hours worked as required under California law.

69. Defendants knowingly and willfully failed and refused to pay Plaintiff the minimum wage, over-time premiums, provide meal and rest breaks and provide and maintain recordkeeping documents required by California law.

70. Defendants failure to pay Plaintiff minimum wages and overtime premiums was not in good faith, and Defendants had no reasonable grounds for believing that their failure to pay such wages and overtime premiums was not a violation of California law.

71. Plaintiff is not exempt from the requirements of the California Labor Code that she be paid minimum wage and/or overtime as alleged herein.

72. Plaintiff are entitled to recover all unpaid minimum and/or overtime wages to which she is entitled, statutory fees and penalties, plus interest, attorneys fees and costs incurred in bringing this civil action. Plaintiffs are is also entitled to liquidated damages in an amount equal to the minimum wages unlawfully not paid to them by Defendants and interest thereon.

Complaint For Damages                                    *Shuvalova, et al. v. Cunningham, et al.*

15

1    73.    As a direct and proximate result of Defendants unlawful failure and refusal to pay

2    wages as required by California law, and other violations of the law as set forth herein, Plaintiffs

3    have suffered damages in an amount to be proven at trial.

4

5                                **NINTH CLAIM FOR RELIEF**
                    (Violation of California Labor Code Sections 203 and 204)
6                                (Against All Defendants)

7

8    74.    Plaintiff hereby refers to and incorporates each and every allegation set forth in

9    Paragraphs 1 through 73 of this Complaint as though fully set forth herein.

10   75.    Section 203 of the California Labor Code provides that if an employer willfully

11   fails to pay any wages of an employee who is discharged or who quits, the wages of the

12   employee shall continue as a penalty from the date of the termination of employment for 30

13   days. Section 204 requires that all wages earned by any employee are due and must be paid

14   twice during the calendar month on days designated in advance by the employer as the regular

15   paydays.

16   76.    At the time Plaintiffs escaped Defendants' confinement, Defendants owed them

17   wages and overtime premiums, as alleged herein.

18   77.    At all times alleged herein, Defendants failed to pay twice monthly as required by

19   law.

20

21   78.    Defendants have willfully failed to pay Plaintiffs the wages and overtime

22   premiums they are due, entitling them to waiting time penalties pursuant to California Labor

23   Code Section 203.

24                                **TENTH CLAIM FOR RELIEF**
                (Violation of California Labor Code Sections 551 and 552 and 8 California
25                  Code of Regulations Section 11150/Rights To Days of Rest)
26                               (Against All Defendants)

27

28   79.    Plaintiff hereby refers to and incorporates each and every allegation set forth in

---

Complaint For Damages                                    *Shuvalova, et al. v. Cunningham, et al.*

16

1 | Paragraphs 1 through 78 of this Complaint as though fully set forth herein.

2 |     80.    California Labor Code Section 551 requires that every person employed in any

3 | occupation of labor is entitled to one day s rest in every seven days. California Labor Code

4 | Section 552 requires that no employer shall cause his employees to work more than six days in

5 | seven. 8 C.C.R. § 11150 requires that in each calendar month, an employee shall receive the

6 | equivalent of one day s rest in every seven days.

7 |     81.    During employment with Defendants, Defendants never provided Plaintiff s with

8 | the appropriate number of days of rest, in violation of L.C. § 551 and 552 and 8 C.C.R. § 11150.

9 |     82.    Plaintiff are entitled to recover penalties pursuant to L.C. § 558.

10 |     83.    As a direct and proximate result of Defendants unlawful failure and refusal to

11 | provide Plaintiffs with adequate days of rest as required by California law, and other violations

12 | of the law as set forth herein, damages in an amount to be proven at trial, addition to attorneys

14 | fees and costs.

### ELEVENTH CLAIM FOR RELIEF
(Violation of California Labor Code Section 970)
(Against Defendant Joe Cunningham)

18 |     84.    Plaintiff hereby refers to and incorporates each and every allegation set forth in

19 | Paragraphs 1 through 83 of this Complaint as though fully set forth herein.

20 |     85.    L.C. § 970 prohibits either directly or indirectly influencing, persuading, or

21 | engaging any person to change from any place outside of California to any place within the state

22 | of California for employment by means of knowingly false representations, whether spoken,

23 | written, or advertised in printed form. Section 972 provides that any person who violates L.C. §

25 | 970 is liable to the aggrieved party for double damages resulting from such misrepresentations.

26 |     86.    Joe spent more than two years knowingly making false representations to Natalya

27 | about the circumstances and the lawfulness of her emigration to the United States, including, but

28 | not limited to, falsely informing her that she and her daughter would be cared for in a supportive

1 | and loving manner.

2 |     87.    Joe had knowledge of the falsity of his misrepresentations at the time those

3 | misrepresentations were made and/or had no reasonable grounds for believing his representations

4 | to be true.

5 |     88.    Joe intended that Natalya rely on his false statements and misrepresentations to

6 | induce her and her daughter to emigrate to California.

7 |     89.    Natalya and her daughter justifiably relied on Joe's misrepresentations in deciding

8 | to leave their home and family and emigrate to the United States.

9 |     90.    As a result of Joe's misrepresentations, Plaintiffs were \injured in an amount to be

10 | proven at trial and is entitled to all appropriate penalties under the California Labor Code,

11 | including, but not limited to, double damages.

## TWELFTH CLAIM FOR RELIEF
(Intentional Fraud)
(Against Defendant Joe Cunningham)

    91.    Plaintiff hereby refers to and incorporates each and every allegation set forth in Paragraphs 1 through 80 of this Complaint as though fully set forth herein.

    92.    Joe knowingly made false representations to Natalya in or about October 2005 about the circumstances and the lawfulness of her emigration to the United States, including, but not limited to, falsely informing Natalya and her daughter that they would be cared for in a loving and safe relationship.

    93.    Joe had knowledge of the falsity of his misrepresentations at the time those misrepresentations were made.

    94.    Joe intended for Natalya and Liza to rely on his false statements and misrepresentations.  Plaintiffs justifiably relied on Joe's misrepresentations in deciding to leave their home and family in Russia and emigrate to the United States.  Joe and Dan continued this fraud by physical force, keeping them from one another and the outside world, and claiming

---

Complaint For Damages        *Shuvalova, et al. v. Cunningham, et al.*

1  legal authority for their actions.

2  95.    In making these false representations to Plaintiffs, Joe intended to induce

3  Plaintiffs to leave their family and travel to the United States where they were forced into virtual

4  slavery and kept against their will. Once here, Joe and Dan intended to induce Plaintiffs to

5  remain, against their will under physical threat, physical constraint and lawful authority.

6  96.    Plaintiffs were injured as a result of their reliance on Joe's false statements and

7  misrepresentations, which caused them to leave their family and home country, subjected them

8  to exploitation of their labor, and caused them to suffer physical and emotional damages.

9  Plaintiffs are entitled to damages in an amount to be proven at trial.

10
11  97.    Joe and Dan committed the acts alleged in this Complaint with the wrongful

12  intention of injuring Plaintiffs with an improper motive amounting to malice, in conscious

13  disregard of Plaintiffs' rights. Because Defendants' actions were willful, wanton, malicious and

14  oppressive, Plaintiffs are also entitled to an award of punitive damages.

15
16  ### THIRTEENTH CLAIM FOR RELIEF
   (Negligent Misrepresentation)
17   (Against Defendants)

18  98.    Plaintiff hereby refers to and incorporates each and every allegation set forth in

19  Paragraphs 1 through 97 of this Complaint as though fully set forth herein.

20  99.    Joe made false representations to Plaintiffs in October 2005 about the

21  circumstances and the lawfulness of Plaintiffs; emigration to the United States, including, but not

22  limited to, falsely informing Plaintiffs that they would be properly cared for in a loving and

23  supporting family, in accordance with the laws of the United States. Both Defendants continued

24  the negligent misrepresentation throughout the course of the Plaintiffs' ordeal, under physical

25  and emotional threat and duress and lawful authority.

26  100.   Defendants had no reasonable grounds for believing their representations to be

27  true.

28

Complaint For Damages                                    *Shuvalova, et al. v. Cunningham, et al.*

1    101.    Defendants intended for Plaintiffs to rely on their false statements and

2    misrepresentations. Plaintiffs justifiably relied on Defendants' misrepresentations in deciding to

3    leave their home and family in Russia and emigrate to the United States.

4    102.    Plaintiffs were injured as a result of their reliance on Defendants false statements

5    and misrepresentations, which caused them to leave their family and home country, subjected

6    them to exploitation of their labor, and caused them to suffer physical and emotional damages.

7    Plaintiffs are entitled to damages in an amount to be proven at trial.

8

9                        **FOURTEENTH CLAIM FOR RELIEF**
                                    (Conspiracy)
10                              (Against Defendants)

11

12    103.    Plaintiff hereby refers to and incorporates each and every allegation set forth in

13    Paragraphs 1 through 102 of this Complaint as though fully set forth herein.

14    104.    On information and belief, Plaintiffs allege that at all times herein mentioned each

15    of the Defendants was the agent of each of the remaining Defendants, and in doing the things

16    herein alleged, was acting within the course and scope of such agency.

17    105.    In or about October, 2005, Defendants knowingly and willfully conspired and

18    agreed to fraudulently induce Plaintiffs to emigrate to the United States and to fail and refuse to

19    provide the rights and protections each was entitled to in accordance with the laws of the United

20    States as set forth herein. Joe and Dan kept Plaintiffs as virtual slaves and subjected Liza to

21    unwanted, offensive sexual advances, threatened physical violence, deportation and kept

22    Plaintiffs from friends, family or the outside world.

23    106.    Defendants committed the acts alleged herein pursuant to, and in furtherance of,

24    their conspiracy and the above-alleged agreement.

25    107.    Defendants furthered the conspiracy by assisting in Plaintiffs' legal immigration,

26    transporting Plaintiffs to Joe's isolated property in Lake County and by later threatening

27    deportation of one or both Plaintiffs. Defendants further cooperated, encouraged, and ratified

28

Complaint For Damages                                        *Shuvalova, et al. v. Cunningham, et al.*

20

1 | this conspiracy to commit fraud and violate Plaintiffs' rights by, among other things, continuing

2 | to employ and continuing to ratify and encourage employment at Defendants' property.

3 | 108. Defendants furthered the conspiracy by cooperating, encouraging, and ratifying

4 | Defendants' conspiracy by holding Plaintiffs captive in Defendants' homes for over seven

5 | months. Defendants also repeatedly threatened physical harm, death threats and deportation if

6 | Plaintiffs communicated with anyone about Defendants' abuse towards Plaintiffs. This constant

7 | psychological abuse and intimidation reduced Plaintiffs to a state of involuntary servitude,

8 | denied their basic rights of freedom, basic medical attention, and fair pay.

9 | 109. Defendants committed the acts alleged in this Complaint with the wrongful

10 | intention of injuring Plaintiffs with an improper motive amounting to malice, in conscious

11 | disregard of rights. Because Defendants actions were willful, wanton, malicious and oppressive

12 | Plaintiffs are also entitled to an award of punitive damages.

13 |

14 | 110. Defendants took additional acts in furtherance of this conspiracy by keeping

15 | Plaintiffs in a constant state of fear of mental, physical harm, deportation, detention, or worse.

16 | 111. As a proximate result of the wrongful acts herein alleged, Plaintiffs have been

17 | damaged in an amount to be proven at trial.

18 |

19 | ### FIFTHTEENTH CLAIM FOR RELIEF
(Breach of Oral Contract)

20 | (Against All Defendants)

21 | 117. Plaintiff hereby refers to and incorporates each and every allegation set forth in

22 | Paragraphs 1 through 116 of this Complaint as though fully set forth herein.

23 | 118. Defendants agreed that Plaintiffs would be provided care in a loving and

24 | supportive relationship, in the United States.

25 |

26 | 119. Plaintiffs duly performed each and every condition, covenant, and promise and

27 | obligation required on their part to be performed in accordance with the terms and conditions of

28 | this oral contract.

Complaint For Damages

*Shuvalova, et al. v. Cunningham, et al.*

21

120.   Defendants breached their contract by engaging in the litany of violations of law as alleged herein.

121.   As a result of Defendants' breach of contract, Plaintiffs suffered damages in an amount to be determined at trial.

### SIXTEENTH CLAIM FOR RELIEF
(Breach of Covenant of Good Faith and Fair Dealing)
(Against Defendant Joe Cunningham)

122.   Plaintiff hereby refers to and incorporates each and every allegation set forth in Paragraphs 1 through 121 of this Complaint as though fully set forth herein.

123.   The oral contract between Plaintiffs and Defendants contains, by implication of law, a covenant of good faith and fair dealing. Defendants covenanted that they would not do anything in the performance or enforcement of an oral contract to impair or frustrate the right of receive the benefits Plaintiffs had been promised.

124.   By willfully failing to perform under this oral contract, by engaging in the actions herein alleged Defendants breached the implied covenant of good faith and fair dealing.

125.   As a result of the Defendants breach of the implied covenant of good faith and fair dealing, has been wrongfully denied the benefits of their oral contract and has sustained damages in an amount to be determined at trial.

### SEVENTEENTH CLAIM FOR RELIEF
(Intentional Infliction of Emotional Distress)
(Against All Defendants)

126.   Plaintiff hereby refers to and incorporates each and every allegation set forth in Paragraphs 1 through 125 of this Complaint as though fully set forth herein.

127.   By Defendants' status as employers, by virtue of Defendants' role in bringing Plaintiffs from Russia to the United States unlawfully and with knowledge of Plaintiffs' vulnerability and dependence upon Defendants as alleged herein, each of the Defendants owed a

Complaint For Damages                                                    *Shuvalova, et al. v. Cunningham, et al.*

1  duty of care and a fiduciary duty to act in Plaintiffs' best interests.

2      128.    Defendants engaged in extreme and outrageous conduct as set forth herein.

3      129.    Defendants knowingly, deliberately, and intentionally committed the acts alleged

4  in this Complaint against Plaintiffs and/or recklessly disregarded the probability of causing

5  Plaintiffs emotional distress.

6      130.    Defendants each intentionally committed the acts alleged in this Complaint

7  against Plaintiff and thereby caused Plaintiffs to suffer fear, depression, humiliation, mental

8  anguish, and severe physical and emotional distress, directly and proximately causing damage to

9  their physical and mental health.  Both plaintiffs have been diagnosed and are currently in

10  treatment for psychological and physical injuries directly and proximately caused by Defendants.

11      131.    Defendants committed the acts alleged in this Complaint with the wrongful

12  intention of injuring Plaintiffs with an improper motive amounting to malice, in conscious

13  disregard of Plaintiffs' rights.  Because Defendants' actions were willful, wanton, malicious and

14  oppressive, Plaintiffs are also entitled to an award of punitive damages.

### EIGHTTEENTH CLAIM FOR RELIEF
(Negligent Infliction of Emotional Distress)
(Against All Defendants)

19      132.    Plaintiff hereby refers to and incorporates each and every allegation set forth in

20  Paragraphs 1 through 131 of this Complaint as though fully set forth herein.

21      134.    By Defendants status as employers, by virtue of Defendants role in bringing from

22  Plaintiffs to the United States unlawfully and with knowledge of Plaintiffs' vulnerability and

23  dependence upon Defendants as alleged herein, each of the Defendants owed Plaintiffs  a duty of

24  care and a fiduciary duty to act in Plaintiffs' best interests.

25      135.    Defendants each negligently committed the acts alleged in this Complaint against

26  Plaintiffs and thereby caused Plaintiffs to suffer fear, depression, humiliation, mental anguish,

27  and severe physical and emotional distress, directly and proximately causing damage to their

28

Complaint For Damages                *Shuvalova, et al. v. Cunningham, et al.*

physical and mental health. Both plaintiffs have been diagnosed and are currently in treatment for psychological and physical injuries directly and proximately caused by Defendants.

136.    By the actions alleged herein, Defendants negligently breached their duties of care to Plaintiffs, directly and proximately causing harm and damages to Plaintiffs.

## VI.    JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays that this Court enter judgment or issue an order against Defendants, and each of them, as follows:

1.    Compensatory and special damages in an amount to be proven at trial;

2.    Unpaid wages, including minimum wages and overtime premiums, in an amount to be proven at trial;

3.    Statutory penalties and liquidated damages according to proof at time of trial;

4.    Punitive and exemplary damages in an amount according to proof at the time of trial;

5.    Pre- and post- judgment interest;

6.    Reasonable attorneys fees and costs; and

7.    Such other and further relief as the Court deems just and proper.

Dated: May 17, 2010                                PALANDATI-GOLDSTONE LLP


Nancy A. Palandati
Peter Goldstone
Attorneys for Plaintiffs
SHUVALOVA, et al.

Complaint For Damages                                      *Shuvalova, et al. v. Cunningham, et al.*