LAW OFFICES OF SPENCER F. SMITH
DOW W. PATTEN, ESQ. Of Counsel (SBN: 135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone (415) 520-6950
Facsimile (415) 520-0104

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NATALYZ SHUVALOVA and ELIZABETH SHUVALOVA,**<br><br>    **Plaintiffs,**<br><br>    **vs.**<br><br><br>**JOSEPH RICHARD CUNNINGHAM, DANIEL CUNNINGHAM, and DOES 1-10, Inclusive,**<br><br>    **Defendants.** | **CASE NO. CV:10:2159 EMC**<br><br>**MOTION TO DISMISS PURSUANT TO FRCP RULE 12(B)(6)**<br><br>**DATE:  September 8, 2010**<br>**TIME:  10:30 a.m.** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN, PLEASE TAKE NOTICE that Defendants JOSEPH RICHARD CUNNINGHAM and DANIEL CUNNINGHAM, through the counsel of record herein, on September 8, 2010 at 10:30 a.m. in the above-referenced court will move the Court for an Order pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) for an Order dismissing causes three (3) through eighteen (18) of the complaint in this matter without leave to amend.

## MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), Defendants move the Court for an order dismissing the third through eighteenth causes of action of the Complaint herein, on the grounds that such causes do not state causes of action against these defendants.  The motion will be based on this Motion to Dismiss and the argument of counsel.

1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

## I. INTRODUCTION

This is a baseless action by a Russian citizen and her daughter against her husband and stepson in a blatant attempt to avoid deportation.   After stalking Defendant Joe Cunningham on the on-line dating service, eHarmony, Plaintiff Natalya Shuvalova convinced the elderly Defendant Joe Cunningham to bring Shuvalova and her daughter to the United States and to marry her.  Once here, the true purpose of her scheme became clear:  obtain citizenship in the United States by making false allegations of trafficking into servitude and the like in an effort to avoid being deported.

The eighteen (18) claims for relief in the scattershot Complaint in this matter are not merely facially implausible, they are clearly brought in bad faith.  What little actual facts are alleged are woefully inadequate to meet the standards set forth in Federal Rules of Civil Procedure and the case law interpreting them.

Simply put, causes of action based upon the Fair Labor Standards Act and the California Labor Code do not lie between parties who are spouses in the absence of any employment relationship.   When the Complaint is tested against the relevant standards laid out by the United States Supreme Court in the *Iqbal* and *Twombly* decisions, it fails on nearly every claim for relief.  The claims set forth in the the Complaint are facially implausible and consist of conjecture, speculation, and rote recitations of the elements of causes of action.  As such, the Complaint should be dismissed without leave to amend.

## II. LAW AND ARGUMENT

### A.        THE STANDARD FOR FRCP RULE 12(b)(6) MOTIONS

A motion brought under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint's claims. In ruling on a motion to dismiss, all well-pled factual allegations are taken to be true, but the court need not accept legal conclusions couched as factual allegations.   In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)

the Court noted, "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* At 556, n.3. The obligation to provide the grounds of a plaintiff's entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* At 555.

Indeed, "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009).   In order to show facial plausibility, the plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, and an allegation merely showing the sheer possibility of liability is insufficient. *Id.*

Under FRCP Rule 8, factual allegations must be enough to raise a right to relief above the speculative level, and must consist of **more than just a statement of facts that merely creates a suspicion of a legally cognizable right of action**. *Twombly*, 550 U.S. at 555. Conclusory or boilerplate allegations that provide no meaningful factual support for the asserted claims are also insufficient.  *Id.* & n.3 (rejecting allegations that are "blanket assertion[s]," "bare averment[s]," or "legal conclusion[s] couched as . . . factual allegation[s]" (internal citations and quotations omitted).  Requiring more detail provides "fair notice" to the defendants of the nature of the claims and protects defendants from incurring exorbitant litigation and discovery costs to defend against unfounded or improperly brought claims. *Id.* at 555 n.3. To state a sufficient claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations omitted).

The Supreme Court in *Iqbal* articulated a two-pronged approach to determine whether a complaint should be dismissed under Rule 12(b)(6). First, a court must identify and **disregard** "threadbare recitals of the elements of a cause of action." Conclusory statements and legal conclusions are **not** afforded the traditional assumption of truth for Rule 12(b)(6) purposes. *Iqbal*, 129 S.Ct. at 1949. Second, a court must then determine whether the remaining "well-

3

pleaded, nonconclusory factual allegations" give rise to a plausible claim. *Id.* at 1950. The Court noted: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. In determining plausibility, a court should consider other alternative explanations for the allegedly wrongful behavior that would inform whether the inference of liability is reasonable. *Id.* at 1951; *see Twombly*, 550 U.S. at 564-569 (finding obvious alternative explanations based on "common economic experience" for defendants' behavior, other than conspiracy).

As set forth below, when tested against these standards, the allegations of the Complaint, even accepted as true do not plausibly state claims for relief, and must be dismissed.

**B.    CLAIMS ONE AND TWO FOR HUMAN TRAFFICKING DO NOT PLAUSIBLY STATE CLAIMS FOR RELIEF.**

The first and second claims for violation of 18 U.S.C.A. §§ 1589 and 1595 Complaint does not plausibly set forth a claim for relief and should be dismissed without leave to amend, as any amendment would be futile.  There is no mention of what the so-called services the Defendant Joe Cunningham obtained from his plaintiff wife or his plaintiff step-daughter.  There is no mention of a purported business in which defendants were engaged that would require the use of "virtual slavery" in order to obtain its economic goals, because none exists.    As set forth below, the Complaint is devoid of any allegations that anything other than household chores and yard work were performed by Plaintiffs.    Similarly, the allegations are inherently implausible given the lack of any allegation that a complaint or report was made by Plaintiffs of the crime of human trafficking, which carries a 20 year prison sentence.

The reasonable alternative explanation for whatever services were performed by Plaintiffs is that these are common household chores rather than "virtual slavery".  The first and second claims should be dismissed as the factual allegations of services – an essential element of the causes of action under  18 U.S.C.A. §§ 1589 and 1595 – are implausible.

/ / /

/ / /

4

### C.   THE FAIR LABOR STANDARDS ACT DOES NOT APPLY TO A HUSBAND AND WIFE NOT ENGAGED IN COMMERCE.

The Fair Labor Standards Act applies to enterprises with employees who engage in interstate commerce, produce goods for interstate commerce, or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce.  For most firms, a test of not less than $500,000 in annual dollar volume of business applies (i.e., the Act does not cover enterprises with less than this amount of business).  The Fair Labor Standards Act provides:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates ˙

29 U.S.C. §  206(a) (emphasis added).    The Act defines "enterprise engaged in commerce or in the production of goods for commerce" to include, inter alia, "an enterprise whose annual gross volume of sales made or business done is not less than $500,000."  29 U.S.C. §  203(s)(1).  The FLSA also applies to individuals  "engaged in commerce or in the production of goods for commerce."

There is not a single allegation in the 24 page Complaint that makes mention of any commerce.  The Complaint contains no allegation that Defendant Joe Cunningham is in business of any kind, let alone commerce.   That is not surprising, as Defendant Joe Cunningham is retired.  The only allegation of labor contained in the Complaint  manual labor was forced upon Plaintiffs:  ". . . move around earth, large rocks and stones, remove brush and debris. . ." Complaint, ¶ 20.  That is not an allegation of commerce.  It is an allegation of yard work.  The only other allegations of labor are vague, non-specific assertions that " . . . Defendants knowingly obtained services . . ." (Complaint, ¶33).  Again, there is no plausible allegation that Defendants were engaged in any business or commerce, other than yard work.

The only allegation in the 24 page complaint concerning an employment relationship is in paragraph 11:

> 11.  Due to the fraudulent nature of Plaintiffs' living at the subject property, Joe was an employer pursuant to the FLSA and the California Labor Code.

5

*Id*. The paragraph makes no sense.   First,  how can living at a property be fraudulent?  Second, even assuming the nonsensical premise that living at a property is fraudulent, how does that make Defendant Joe Cunningham an employer?  The allegations beg these serious questions so loudly that the only conclusion that can be drawn is that the allegations of the Complaint are completely implausible.

Due to the lack of an employment relationship, the seventh claim for relief for violations of the FLSA must be dismissed.

### D.   THE CALIFORNIA LABOR CODE APPLIES ONLY TO EMPLOYMENT, NOT TO A WIFE'S HOUSEHOLD CHORES.

Both the FLSA and the California Labor Code depend upon the existence of an employment relationship.   An employment relationship is characterized by an employer employing an employee. 29 U.S.C. §203(d) defines "employer" as "includ[ing] any person acting directly or indirectly in the interest of an employer in relation to an employee." "Employee" is defined by §203(e) as "mean[ing] any individual employed by an employer,"  and §203(g) defines "employ" as "includes to suffer or permit to work." The California Labor Code applies the terms "employ," "employee," and "employer" with the same broad definitions as the FLSA. *Bureerong v. Uvawa*, 922 F.Supp. 1450 (1996).

The test for whether an employment relationship exists between Plaintiff and Defendant is based upon the so-called economic reality test.  *Carter v. Dutchess Community College*, 735 F.2d 8 (1984).  "The 'economic reality' test ... now is understood to include inquiries into: 'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Id.,* (quoting *Bonnette v. California Health and Welfare Agency*, 704 F.2d 1465, 1470 (1983)).  Countless cases have applied this "economic reality" test to determining whether an employment relationship existed in a given circumstance. The overarching concern of the economic realities test is whether the

6

employer exercised control over the worker.  The economic realities test cannot be determined by isolating any of the factors mentioned above, instead the factors must be evaluated as a totality. *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947); *Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961)*; Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132 (1999).

Here, there is no allegation of an express agreement between Shuvalova and Cunningham that Shuvalova be compensated for any yard work or any household chores.  Indeed, the economic realities of a marriage are such that yard work and household chores are part and parcel of maintaining a rural abode.  Indeed, there is simply no allegation whatsoever that Cunningham paid nor promised to pay either Plaintiff for any services whatsoever.   There is no allegation that Cunningham had any business in which to employ anyone even if he had.

Therefore, the eighth, ninth, tenth, and eleventh causes of action based upon violations of the California Labor Code fail, as there is no plausible allegation of an employment relationship.

### E.   THE ALLEGATIONS OF FRAUD ARE PLEADED WITH INSUFFICIENT SPECIFICITY; *LOVE FRAUD* IS NOT A CAUSE OF ACTION.

Federal Rules of Civil Procedure Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9(b) applies not only to fraud and misrepresentation claims, but also to other claims that are "grounded in fraud" or "sound in fraud." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003). Allegations of fraud must be specific enough to give the defendant notice of the particular misconduct which is alleged to constitute fraud so that the defendant can defend against the charge.  *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). In order to meet the heightened pleading requirements of Rule 9(b), a plaintiff must include allegations about the time, place, and other details concerning the alleged misrepresentation or fraud, as well as the role that each defendant played in such fraudulent acts. *See, e.g., Blake v. Dierdorff*, 856 F.2d 1365, 1369 (9th Cir. 1988).  Conclusory allegations, like those presented in the Complaint, which do not spell out details surrounding the circumstances of the alleged fraud, are insufficient.

MOTION TO DISMISS

The only allegations of false assertions in the complaint are alleged statements made by Joe Cunningham ". . . that he would provide a loving, supportive home . . ."(Complaint, ¶ 51), and Joe Cunningham made ". . . promises of marriage and a loving family . . ." (Complaint, ¶ 31), and " . . . false representations to Plaintiffs in October 2005 about the circumstances and lawfulness of Plaintiffs; emigration to the United States, including, but  not limited to, falsely informing Plaintiffs that they would be properly cared for in a loving and supporting family, in accordance with the laws of the United States." (Complaint, ¶ 99).  Aside from the paucity of the time, place, and details of the alleged misrepresentations, there is no allegation of a statement of fact.  Indeed, the allegations border on the absurd, where this Court is asked to award damages for what amounts to a claim for *love fraud*.  There is a proper forum for these allegations: divorce court.

These conclusory allegations are devoid of specific facts and based entirely on speculation. The few factual (not conclusory) allegations—even if taken as true—do not establish any fraud.   None of these facts, even if true, establish any fraudulent behavior. These allegations refer to domestic disputes. They do not, without more, suggest any fraudulent acts. Plaintiffs fail to meet the "plausibility" test articulated in *Iqbal*. *See* 129 S. Ct. 1937, 1949 (2009).  Therefore, the fifth claim for relief for fraud, the twelfth claim for relief for so-called intentional fraud, the thirteenth claim for negligent misrepresentation, the fifteenth claim for conspiracy all fail both for lack of specificity and failure to state a claim.

### F.     THE BREACH OF CONTRACT AND BAD FAITH CLAIMS FAILS TO STATE A CAUSE OF ACTION.

The fifteenth claim for relief, breach of oral contract, contains the following allegation:

119.  Plaintiffs duly performed each and every condition, covenant, and promise required on their part to be performed with the terms and conditions of this oral contract.

Complaint, ¶ 119.   Nowhere in the 24 page Complaint is there any allegation of what conditions, covenants, and promises the Shuvalovas made to the Cunninghams.  Did the minor

8

daughter promise her step-brother-to-be that she would be a good stepsister?  Did Natalya promise her husband-to-be that she would sleep in the same bed with him?  What was the consideration for this alleged contract?  Defendants can only wonder.  When the allegations of a Complaint do not even set forth the fundamental elements of a cause of action, they must be dismissed.  Therefore, the Court should dismiss the fifteenth claim for breach of oral contract and the sixteenth claim for breach of the covenant of good faith and fair dealing, as the essential elements of a contract have not been pleaded, nor could they plausibly be pleaded.

## III.   CONCLUSION

The Plaintiffs in this case have failed to allege facts which plausibly state claims for relief.   Defendants respectfully request the Court to dismiss the Complaint without leave to amend.


Dated: July 28, 2010                    LAW OFFICES OF SPENCER SMITH



                                         _/s/ Dow W. Patten_
                                          DOW W. PATTEN, Of Counsel
                                          Attorneys for Defendants Joe Cunningham
                                          and Daniel Cunningham

9

**PROOF OF SERVICE**

I declare:

My business address is 353 Sacramento St., Suite 1120, San Francisco, California 94111. I am over the age of 18 and am not a party to this action. I am familiar with the business practices at my place of business for collection and processing of mail. Mail collected and processed is deposited with the U.S. Postal Service that same day in the ordinary course of business.

On JULY 28, 2010, I caused to be served:

**MOTION TO DISMISS PURSUANT TO FRCP RULE 12(B)(6)**

on the party(ies) listed below, addressed as follows:

Nancy A. Palandati
Peter Goldstone
Palandati-Goldstone LLP
703 Second St., Sute 411
Santa Rosa, CA 95404

**__X__      By e-filing pursuant to the rules of the above-entitled court**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 28, 2010 at San Francisco, California.


/s/ Dow W. Patten_____

MOTION TO DISMISS