1  LAW OFFICES OF SPENCER F. SMITH
   DOW W. PATTEN, ESQ. Of Counsel (SBN: 135931)
2  353 Sacramento St., Suite 1120
   San Francisco, California 94111
3  Telephone (415) 520-6950
   Facsimile (415) 520-0104

4  Attorneys for Defendants

5

6                    UNITED STATES DISTRICT COURT

7              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10 **NATALYZ SHUVALOVA and**          )   **CASE NO. CV:10:2159 -RS**
   **ELIZABETH SHUVALOVA,**           )
11                                     )
            **Plaintiffs,**            )   **MOTION TO DISMISS PLAINTIFFS'**
12                                     )   **FIRST AMENDED COMPLAINT**
        **vs.**                        )   **PURSUANT TO FRCP RULE 12(B)(6)**
13                                     )
                                       )
14 **JOSEPH RICHARD CUNNINGHAM,**      )   **DATE:  June 16, 2011**
   **DANIEL CUNNINGHAM, and DOES 1-10,** )   **TIME:  1:30 PM**
15 **Inclusive,**                      )   **COURTROOM:  3, 17th Floor**
                                       )
16          **Defendants.**            )
                                       )
17 _____ )

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

II.     LAW AND ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

        A.      PLAINTIFFS' AMENDMENTS TO CLAIM 2 DO NOT CURE
                THE DEFICIENCIES ADDRESSED BY THE COURT IN ITS
                PREVIOUS RULING. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

        B.      PLAINTIFFS' REMAINING CLAIMS SHOULD BE DISMISSED
                BECAUSE THEY DO NOT  PLAUSIBLY STATE A CLAIM FOR
                RELIEF.. . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

                1.      CLAIM ONE FOR FORCED LABOR AGAINST
                        DAN CUNNINGHAM DOES NOT PLAUSIBLY STATE
                        A CLAIM FOR RELIEF. . . . . . . . . . .  . . . . . . . . . . . . . . . . . . . 5

                2.      CLAIM TWO FOR TRAFFICKING INTO SERVITUDE
                        DOES NOT PLAUSIBLY STATE A CLAIM FOR RELIEF. . . . . 6

                3.      THE THIRD, FOURTH, SIXTH, SEVENTEENTH, AND
                        EIGHTEENTH CLAIMS ARE IMPROPERLY PLED
                        COLLECTIVELY AND DO NOT GIVE FAIR NOTICE
                        TO EACH DEFENDANT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

                4.      CLAIM TWELVE FOR FRAUD FAILS TO
                        SUFFICIENTLY PLEAD THE FACTS WITH THE
                        SPECIFICITY REQUIRED BY F.R.C.P. RULE 9(b). . . . . . . . . .  16

III.    CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

1

**TABLE OF AUTHORITIES**

2

3

*Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009).* . . . . . . . . . . . . . . . . . . . . . 4, 5, 8

4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) . . . . . . . . . . . 4, 5, 8

5

*London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . 3

6

*Marx v. Loral Corp.*, 87 F.3d 1049, 1056 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

7

*Rumber v. District of Columbia*, 598 F.Supp.2d 97, 102 (D.D.C. 2009) . . . . . . . . . . . . . . . . . 2

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

## I.  INTRODUCTION

On May 19, 2010 Plaintiffs originally filed the instant action alleging 18 causes of action as follows:  (1) TVPRA – Forced Labor; (2) TVPRA – Trafficking into Servitude; (3) Invasion of Privacy; (4) False Imprisonment; (5) Fraud; (6) Assault & Battery; (7) Violation of FLSA; (8) California Labor Code – Minimum Wages and Overtime; (9) California Labor Code §§ 203, 204; (10) California Labor Code §§ 551, 552; (11) California Labor Code §970; (12) Intentional Fraud; (13) Negligent Misrepresentation; (14) Conspiracy; (15) Breach of Oral Contract; (16) Breach of Covenant of Good Faith and Fair Dealing; (17) Intentional Infliction of Emotional Distress; and (18) Negligent Infliction of Emotional Distress.    On August 18, 2010,  Defendants filed a Motion to Dismiss the Complaint.   The Court granted in part and denied in part Defendants' first motion to dismiss on December 22, 2010 (Dckt # 30).  Specifically, the Court granted the motion as to nine of the Plaintiffs 18 causes of action.  The Court granted leave to Plaintiffs to amend eight (8) claims to state sufficient facts to demonstrate facial plausibility. Plaintiffs have failed to do so in the First Amended Complaint ("FAC") filed on January 11, 2011 (Dckt # 31).

The claims set forth in the FAC are facially implausible and consist of conjecture, speculation, and rote recitations of the elements of causes of actions.  Plaintiffs jointly make baseless allegations against Defendants collectively, failing to provide each Defendant with fair notice of his specific conduct for which each Plaintiff seeks liability.  The Court has already pointed this out to counsel for Plaintiffs in its ruling on the first Motion to Dismiss (Dckt # 30, pp. 11, 12.  "The claims cannot be maintained in this fashion.  In order for each defendant to answer the complaint in good faith and without prejudice, he must be given notice of the specific conduct for which each plaintiff seeks to hold him liable." ).  As such, the First Amended

1

Complaint should be dismissed without leave to amend except as to the first claim against Defendant Joe Cunningham as to which the Court has already denied the motion to dismiss.

## II.  LAW AND ARGUMENT

### A.  PLAINTIFFS' AMENDMENTS TO CLAIM 2 DO NOT CURE THE DEFICIENCIES ADDRESSED BY THE COURT IN ITS PREVIOUS RULING.

 "An amended complaint is futile if it merely restates the same facts as the original complaint in different terms, [and] reasserts a claim on which the court previously ruled . . ." *Rumber v. District of Columbia*, 598 F.Supp.2d 97, 102 (D.D.C. 2009).  Plaintiffs' First Amended Complaint reasserts virtually the exact same facts and the same conclusory statements against Defendants that initially led the Court to grant Defendants' first Motion to Dismiss.

Additionally, the Ninth Circuit has long held that claims in the original complaint that are not re-alleged in the amended complaint are deemed waived.  *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981); *Marx v. Loral Corp.*, 87 F.3d 1049, 1056 (9th Cir. 1996).  Plaintiffs failed to re-allege their claims thirteen (13) through sixteen (16) in their First Amended Complaint, which the Court had dismissed with leave to amend.  Therefore, Plaintiffs have effectively waived their claims thirteen (13) through sixteen (16) as alleged in their original complaint.  Similarly, an amended complaint that omits a defendant named in the original complaint effectively dismisses that defendant from the action.  In their First Amended Complaint, Plaintiffs did not name Dan Cunningham as a Defendant in claim two (2) for TVPRA, trafficking into servitude.  That claim has therefore been waived under the applicable authorities.

**B.**    **PLAINTIFFS' REMAINING CLAIMS SHOULD BE DISMISSED BECAUSE THEY DO NOT  PLAUSIBLY STATE A CLAIM FOR RELIEF.**

A motion brought under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint's claims. In ruling on a motion to dismiss, all well-pled factual allegations are taken to be true, but the court need not accept legal conclusions couched as factual allegations.   In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) the Court noted, "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* At 556, n.3. The obligation to provide the grounds of a plaintiff's entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* At 555.

Indeed, "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009).   In order to show facial plausibility, the plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, and an allegation merely showing the sheer possibility of liability is insufficient. *Id.*

Under FRCP Rule 8, factual allegations must be enough to raise a right to relief above the speculative level, and must consist of **more than just a statement of facts that merely creates a suspicion of a legally cognizable right of action**. *Twombly*, 550 U.S. at 555. Conclusory or boilerplate allegations that provide no meaningful factual support for the asserted claims are also insufficient.  *Id.* & n.3 (rejecting allegations that are "blanket assertion[s]," "bare averment[s],"

or "legal conclusion[s] couched as . . . factual allegation[s]" (internal citations and quotations omitted).  Requiring more detail provides "fair notice" to the defendants of the nature of the claims and protects defendants from incurring exorbitant litigation and discovery costs to defend against unfounded or improperly brought claims. *Id.* at 555 n.3. To state a sufficient claim requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations omitted).

The Supreme Court in *Iqbal* articulated a two-pronged approach to determine whether a complaint should be dismissed under Rule 12(b)(6). First, a court must identify and **disregard** "threadbare recitals of the elements of a cause of action." Conclusory statements and legal conclusions are **not** afforded the traditional assumption of truth for Rule 12(b)(6) purposes. *Iqbal*, 129 S.Ct. at 1949. Second, a court must then determine whether the remaining "well-pleaded, nonconclusory factual allegations" give rise to a plausible claim. *Id.* at 1950. The Court noted: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. In determining plausibility, a court should consider other alternative explanations for the allegedly wrongful behavior that would inform whether the inference of liability is reasonable. *Id.* at 1951; *see Twombly*, 550 U.S. at 564-569 (finding obvious alternative explanations based on "common economic experience" for defendants' behavior, other than conspiracy).

As set forth below, when tested against these standards, the allegations of the First Amended Complaint, even accepted as true do not plausibly state claims for relief, and must be dismissed.

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 1.   CLAIM ONE FOR FORCED LABOR AGAINST DAN CUNNINGHAM DOES NOT PLAUSIBLY STATE A CLAIM FOR RELIEF.

Plaintiffs' claim one (1) seeks relief for Defendants' alleged forced labor in violation of 18 U.S.C.A. §§ 1589.  In dismissing Plaintiffs' first claim with leave to amend with respect to Dan Cunningham, this Court stated that "plaintiffs' factual allegations are insufficient to state a section 1589 claim."  (Order, 5:17-18)  In their original complaint, Plaintiffs alleged that "Both Defendants knowingly obtained Plaintiffs' services, by their scheme, plan or pattern intended to cause Natalya and Liza to believe that, if they did not perform the labor or sexual services Defendants demanded, they would suffer serious harm, physical restraint, deportation and even death." (Complaint, 9:2-5)  With regard to these allegations, the Court stated in its Order: "In claim one, plaintiffs aver that both defendants knowingly obtained services by force, threats, and intimidation.  The complaint, however, does not describe any acts by Dan beyond the general assertion that Joe engaged Dan's help.  Thus, plaintiffs' section 1589 claim against Dan is dismissed with leave to amend."  (Order, 5:20-23)  Despite this opportunity to amend their complaint to remedy its factual deficiencies, Plaintiff's First Amended Complaint includes virtually a verbatim restatement of their first complaint.  The First Amended Complaint does not describe any acts by Dan beyond their general assertion "Both Defendants."  The only change in the First Amended Complaint related to Dan's conduct is yet another conclusory and factually void assertion that "Dan engaged in aggressive, sexual assaults on Liza and did so out of pure, physical force (picking her up, restraining her, forcibly groping and kissing her)."  (First Amended Complaint, 11:14-16)  These allegations are merely legal conclusions resting on other legal conclusions and allegations.  Plaintiffs fail to describe any conduct to constitute the alleged

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

"aggressive, sexual assaults."  The only support Plaintiffs provide for the alleged "aggressive, sexual assaults" is "pure, physical force" in the same sentence.

Additionally, Plaintiffs fail to describe what "scheme, plan or pattern" Defendants knowingly employed in obtaining services from Plaintiffs.  Plaintiffs fail to describe what labor or sexual services Defendants sought or Plaintiffs provided as a result of the alleged "scheme, plan or pattern."  Plaintiffs' First Amended Complaint generally alleges that "Defendants knowingly obtained sex-related services with Liza, a minor at the time, by physical, emotional and psychological abuse, as well as abuse or threatened abuse of the law or the legal process." (First Amended Complaint, 11:25-27)  However, Plaintiffs again fail to describe what sex-related services Defendants allegedly received from Liza.  Plaintiffs also do not provide any facts in support of their broad allegations of "physical, emotional and psychological abuse."  The FAC alleges "Defendants use (sic) force, threats and intimidation to hold Plaintiffs in captivity and force them to work in unsafe conditions." (First Amended Complaint, 12:1-2)  However, the FAC contains no facts as to what these alleged "unsafe conditions" were, nor what specific conduct Defendants engaged in that amounted to "force, threats and intimidation."

Despite the second chance to provide a factually plausible basis for the claim, Plaintiffs reasserted the same general conclusory allegations.  Plaintiffs' claim one as to both Defendants should be dismissed without leave to amend because there are simply no plausible factual allegations to support the claim.

### 2.   CLAIM TWO FOR TRAFFICKING INTO SERVITUDE DOES NOT PLAUSIBLY STATE A CLAIM FOR RELIEF.

Plaintiffs' second claim seeks relief for Defendants' alleged violations of 18 U.S.C.A. § 1595 for human trafficking.  As previously ordered by the Court, the allegations of the original

6

1   Complaint, without more, are insufficient to state a claim for trafficking. (Dckt # 30,Order, p.

2   6 ).

3       In the original Complaint claim two (TVPRA – Trafficking into Servitude) contained no

4   additional factual allegations other than an incorporation by reference of claim one (TVPRA –

5   Forced Labor), and the following: "defendants knowingly recruited, harbored, transported,

6   provided and obtained' both Natalya and Liza for labor and sexual services."   As pled, plaintiffs

7   have not stated a distinct claim for trafficking, as opposed to forced labor.   Therefore, the Court

8   dismissed claim two with leave to amend. (Dckt # 30 Order, 6: 3-7).   Despite the opportunity to

9   amend their baseless allegation for trafficking, however, Plaintiffs re-alleged and restated

10  virtually the same exact facts and assertions they offered in their first complaint.   Plaintiffs offer

11  no additional facts or details.

12      The FAC's only amendment to this cause of action is: "Joe plotted to and utilized an

13  online dating service to bring Natalya and Liza to the United States on false pretenses. His

14  purpose for bringing this Russian woman and her daughter to the U.S. was to provide labor and

15  sexual services to each of Defendants."  (FAC, 12:17-22) These are not facts; rather, they are

16  conclusory allegations, insufficient to plausibly state a cause of action.   Plaintiffs aver absolutely

17  no facts to demonstrate how and why utilizing an on-line dating service, whose purpose is

18  connect people, is part of Defendant's alleged intent, purpose, and/or conduct of human

19  trafficking, whether for labor and sexual services.  Plaintiffs fail to aver what it is about

20  eHarmony and its use that makes it an element of a Section 1595 violation.

21      Courts must consider other alternative explanations for the allegedly wrongful behavior

22  that would inform whether the inference of liability is reasonable. *Iqbal*, at 1951; *see Twombly*,

23  550 U.S. at 564-569 (finding obvious alternative explanations based on "common economic

7

experience" for defendants' behavior, other than conspiracy).  An equally plausible view of the use of an on-line dating service is an attempt to meet a friend or a life partner.   The Court must consider alternative explanations for Defendant's use of eHarmony in order to determine whether the FAC's allegations are implausible.    In light the paucity of factual allegations in the FAC linking the use of eHarmony and the nefarious intent of trafficking into servitude in violation of Section 1590, claim two should be dismissed without leave to amend.

Plaintiffs' allegation that "[Joe's] purpose for bringing this Russian woman and her daughter to the U.S. was to provide labor and sexual services to each of Defendants" is internally inconsistent and flawed.  The FAC contains no allegations that at any time either Plaintiff engaged in sexual activities with Defendant Joe Cunningham.  Plaintiffs' only allegation of sexual conduct has been limited to Dan's alleged kissing and groping of Liza.  However, both Plaintiffs collectively allege in the FAC that both Defendants collectively used both Plaintiffs for sexual services.  Again, this is a baseless allegation which does not even meet the basic level of notice required by F.R.C.P. Rule 8 to place each defendant on notice of what it is that is being complained of.   The second cause of action should be dismissed[1].

### 3.    THE THIRD, FOURTH, SIXTH, SEVENTEENTH, AND EIGHTEENTH CLAIMS ARE IMPROPERLY PLED COLLECTIVELY AND DO NOT GIVE FAIR NOTICE TO EACH DEFENDANT.

This Court stated in its Order on Defendants' first Motion to Dismiss that Plaintiffs improperly pled collectively in their first complaint claims of invasion of privacy (claim three), false imprisonment (claim four), assault and battery (claim six), intentional infliction of emotional distress (claim seventeen), and negligent infliction of emotional distress (claim

---

[1]  Plaintiffs' second cause of action in the First Amended Complaint omits Dan Cunningham as a Defendant for claims of human trafficking.  Therefore, Plaintiffs have effectively waived the second claim against Dan Cunningham.

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

eighteen). The Court dismissed all above-stated claims with leave to amend. The FAC failed to heed the Court's guidance on this point; therefore, these claims should be dismissed without leave to amend.

With respect to claim three (3), Plaintiffs reassert the same facts in their First Amended Complaint as they stated in their first complaint. In their first complaint, which the Court dismissed with leave to amend, Plaintiffs falsely alleged that Dan barged into Liza's bedroom, restrained and groped. Plaintiffs falsely alleged that "Joe controlled nearly every waking moment of each Defendant (sic), forcing them to engage in heavy, manual labor and sexually offensive acts." (Complaint, 10:23-24) Nonetheless, the Court deemed these baseless allegations as insufficient to state a claim for relief and dismissed them. Not surprisingly, Plaintiffs' First Amended Complaint is void of any additional facts for a claim of invasion of privacy. Plaintiffs merely repeat the same facts as in their first complaint, in identical or different forms, paragraph after paragraph. Plaintiffs' slight amendment to this claim consists of facts that are wholly irrelevant to a claim of invasion of privacy in a futile attempt to give specific examples of each Defendant's conduct. For instance, alleging that Dan called Liza stupid or too stupid to go to school does not meet the elements of a claim for invasion of privacy.

The FAC's new allegations are that Joe, who was now a father figure for Liza, intruded upon Liza's solitude, seclusion, privacy, and personal affairs by allegedly intercepting and/or blocking her emails and internet access and prohibiting her from using the phone. Were the Court to permit these types of allegations to support claims for invasion of privacy, no parent or step-parent would be safe from a lawsuit by a teenage child.

Plaintiffs' claim three (3) in their First Amended Complaint is virtually an identical to their claim three (3) in their first complaint, and thus must be dismissed without leave to amend.

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Concerning this claim, the Court stated that Plaintiffs' collective allegations against Defendants in a collective manner fails to put Defendants on proper notice of their alleged conduct for which Plaintiffs seek to hold liable. (Dckt # 30, Order, pp. 11, 12).   The FAC adds nothing new to the Complaint;'s allegations.   The FAC  in fact contains an identical series of facts which the Court found insufficient to state a claim.  Furthermore, Plaintiffs' First Amended Complaint does not set out each Defendant's conduct on an individual basis as required by the Court.  The FAC does not mention Dan Cunningham's name even once in an individual capacity, instead grouping him collectively with "All Defendants".   The only mention of Dan Cunningham in this claim is "[b]oth Joe and Dan continually and continuously acted in a manner which had the effect of threatening harm to Plaintiffs if they attempted to escape."  (FAC, 16-17:1-2)   By failing to set out what each Plaintiff alleges against each Defendant for each Defendant's individual conduct, Plaintiffs have demonstrated that any further amendment will be futile.  Claim four should therefore be dismissed without leave to amend.

In their sixth claim, Plaintiffs allege that Defendants committed assault and battery against Plaintiffs.  In their first complaint, Plaintiffs generally asserted that "Defendants subjected Plaintiffs to offensive and harmful nonconsensual physical contact and caused them to be constantly apprehensive that they would be subjected to nonconsensual intentional invasion of their right to be free from offensive and harmful physical contact."  (Complaint, 12:26-13:1)  The Court's Order stated that Plaintiffs' averment for this claim as pled inappropriately alleges that Defendants collectively committed the torts of assault and battery against Plaintiffs collectively.  "In order for each defendant to answer the complaint in good faith and without prejudice, he must be given notice of the specific conduct for which each plaintiff seeks to hold him liable." (Order, 11:27-12:1)  The Court dismissed this claim with leave to amend.

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

The FAC has not cured the defect.   First, Plaintiffs have combined two separate causes of actions – assault and battery – and presented them as one claim.  In fact, to manipulate the same fabricated and insufficient facts for both causes of actions, Plaintiffs alternate from their allegations of assault to their allegations of battery and back again.  As with most of the other claims in the FAC, Plaintiffs fail to even set forth the fundamental elements of each cause of action.

In an attempt to provide the detail lacking in the Complaint, the FAC includes Joe's alleged "yelling and screaming" at Natalya, "threatening to use of (sic) guns or knives on her," and "providing insufficient food, and preventing her from getting water or resting while doing the forced labor" as examples of when "Joe subjected Natalia to offensive and harmful nonconsensual physical contact."  (FAC, 17:21-23)  None of these factual allegations support a claim of battery, which requires contact with a person's body or an extension of her person.  In the same paragraph alleging offensive and harmful nonconsensual physical contact, Plaintiffs assert that "[t]his caused Natalya to be constantly apprehensive that should be subjected to nonconsensual intentional invasion of her right to be free from offensive and harmful physical contact."  (FAC, 17:25-27)  The FAC alleges battery and assault in the same paragraph, in an attempt to satisfy both claims with the same insufficient set of facts.  The FAC contains no new facts specifying what Defendants Joe and Dan each did that amounts to the tort of battery as opposed to what Joe and Dan each did that amounts to the tort of assault.  As a result, Plaintiffs fail to give Defendants proper notice of their alleged misconducts giving rise to each claim, and the claim should be dismissed without leave to amend.

Plaintiffs allege in their First Amended Complaint that "This offensive and harmful nonconsensual physical contact (as set forth in more detail, above) included but was not limited

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

to pushing, choking, violent shaking of her body and forced labor beyond the limits of her physical strength and against her will." (FAC, 18:1-3)  This allegation fails to identify which Defendant allegedly committed such acts against which Plaintiff.    Further, the FAC alleges that "Joe forced the minor, (then 16-year-old) Liza to massage his naked body for hours . . . several times a week, straddling his naked body" (FAC, 19:4-5), but make no mention of how Defendant "forced" Liza to massage him, especially when Liza is the one allegedly straddling Joe.

Plaintiffs allege that Joe's alleged "kicking at and throwing furniture, plates and cups at them" injured them physically and psychologically.  (FAC, 18:12-14)  Plaintiffs again fail to provide any support for at least the physical injuries they allegedly sustained.  Plaintiffs make yet another general allegation that Joe's alleged ownership of guns "threatened" Plaintiffs without providing facts to support this allegation.  (FAC, 18:16)

The FAC pleads claim six for assault and battery against all Defendants by all Plaintiffs, Plaintiffs outright fail to state any of Dan's conducts that could amount to assault.  Similarly, Plaintiffs fail to state any of Dan's conduct that could amount to battery and assault against Natalya.  Despite the opportunity to amend claim six and this Court's guidance on how to remedy its deficiencies, Plaintiffs collectively re-alleged the same general allegations against Defendants collectively in the same fashion as the original Complaint.  Claim six of the First Amended Complaint is pled the same way as it was in the original complaint.  As such, claim six must be dismissed without leave to amend as to all defendants.

In claim seventeen, Plaintiffs allege against Defendants committed intentional infliction of emotional distress.[2]  The Court dismissed this claim with leave to amend, reasoning that the

---

[2] Claim seventeen of the First Amended Complaint makes allegations against Defendants that are ambiguous as to which Plaintiff brings the allegations.  Plaintiffs state "(Against All Defendants)" as caption to the claim's title and further provide: "Plaintiff hereby refers to and incorporates each and every allegation set forth in Paragraphs

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

claim impermissibly averred that Defendants collectively committed intentional infliction of emotional distress against Plaintiffs collectively.

The original Complaint alleges that "[b]y Defendants' status as employers, by virtue of Defendants' role in bringing Plaintiffs from Russia to the United States unlawfully and with knowledge of Plaintiffs' vulnerability and dependence upon Defendants as alleged herein, each of the Defendants owed a duty of care and a fiduciary duty to act in Plaintiffs' best interests." Plaintiffs failed to explain how either Defendant qualified as an employer and how either Defendant assumed such duty of care.  The FAC repeats the original baseless allegation and becomes even barer in factual support.  Plaintiffs now simply assert that "Joe owed a duty of care and fiduciary duty to act in Plaintiffs' best interests," without providing any facts as to how and on what basis Joe began to assume a duty of care and fiduciary duty and Natalya and Liza.  (FAC, 23:8)  Similarly, without any reasoning, Plaintiffs aver that "Dan owed Plaintiffs an ordinary duty of care to avoid injury them and may be held liable for such injuries caused intentionally or by his own carelessness, recklessness or disregard."  (FAC, 23:9-10)  With respect to both Defendants, Plaintiffs fail to state any basis giving rise to a fiduciary or ordinary duty of care.

Plaintiffs generally allege that "Dan's acts, by threatening, assaulting and battering Liza, with the knowledge of her age, vulnerability and dependence upon Joe as alleged herein. , (sic) were intentional."  (FAC, 23:5-7)  However, as set forth above,  Plaintiffs fail to allege facts sufficient to state a cause of action for either assault or battery.  The FAC is based on prior legal conclusions, which on their own lacked sufficient evidence.  Furthermore, nothing in the FAC alleges  Dan's intent.  Alleging some undisclosed "acts" even with knowledge of someone's age,

1 through 89 . . ."  (FAC, 22:26-27)

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1    vulnerability, and dependence on another person does not amount to intent, and does not meet

2    the intent element of a claim for intentional infliction of emotional distress.  Plaintiffs go on to

3    allege that "Defendants and each of them knowingly, deliberately, and intentionally committed

4    the acts alleged, above, against Plaintiffs."  (FAC, 23:26-28)

5         Instead of setting forth the specific facts each Defendant committed against a particular

6    Plaintiff, Plaintiffs again lump all parties together in making their allegations against Defendants.

7    Plaintiffs allege in the First Amended Complaint that "[b]y the conduct alleged above,

8    Defendants engaged in extreme and outrageous conduct – conduct that is prohibited under

9    California and Federal law and which is on its face reprehensible, despicable and inhumane."

10   (FAC, 23:12-14)  It is unclear to what conduct Plaintiffs make reference to by "conduct alleged

11   above" since no specific conduct is listed prior to Paragraph 94 that is extreme and outrageous

12   conduct.  The only factual conduct set forth in the FAC above the allegations is "Joe's actions of

13   starting a romantic relationship with Natalya and then eventually having her and Liza come to

14   the U.S. and marrying Natalya," which clearly is not "prohibited under California and Federal

15   law," facially "reprehensible, despicable and inhumane."  Additionally, the allegations of Joe's

16   conduct does not satisfy the level of extreme and outrageous conduct necessary for an IIED

17   claim.  The incorporation by reference simply does not cure what is an insufficiently pleaded

18   claim, which is implausible on on its face.   The IIED claims should be dismissed without leave

19   to amend.

20        Plaintiffs' claim eighteen (18) alleges negligent infliction of emotional distress against all

21   Defendants.[3]  The Court dismissed this claim with leave to amend and advised Plaintiffs to

22   refrain from pleading collectively, and instead to provide each defendant's specific conduct

---

[3] Claim eighteen is ambiguous as to which Plaintiff alleges Defendants committed negligent infliction of emotional distress.  The caption under the claim title fails to state that information, and Paragraph 132 states "Plaintiff hereby refers to and incorporates each and every allegation . . ."

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

against each plaintiff.  Despite the opportunity to amend, the First Amended Complaint again alleges collectively that "Defendants each negligently committed the acts alleged in this Amended Complaint against Plaintiffs . . ." (FAC, 24:23-24)  Plaintiffs fail to set forth what specific acts each Defendant allegedly committed against each Plaintiff.  Such lack in factual support is precisely the defect that caused this Court to dismiss this claim in Plaintiffs' original complaint.  The FAC offers no meaningful amendments to survive this Motion, and should therefore be dismissed without leave to amend.

The FAC pleads no facts to explain *what* Joe's and Dan's alleged individual roles were in bringing Natalya and Liza to the United States, and on what *factual*, rather than legally conclusory, *basis* Joe and Dan each allegedly assumed an ordinary and fiduciary duty of care. (FAC, 25:2-3)  The FAC fails to describe what these alleged actions are and which Defendant allegedly committed them, along with what the actions are in breaching such illusory duties.

The FAC includes new paragraphs that simply mirror the allegations of the original Complaint; i.e. that "Joe intentionally created the trust and reliance when he asked Plaintiffs to move from Russia to the United States unlawfully and on false pretenses.  He knew of Plaintiffs' vulnerability and dependence upon him, as alleged herein." (FAC, 24:14-17)  However, Plaintiffs again fail to provide any facts describing *how* Joe "intentionally created the trust and reliance," *what* caused Plaintiffs' move to the United States to be "unlawful," *what* were Joe's alleged conducts that amount to the legal conclusion of "false pretenses," and what about Plaintiffs' conditions and circumstances made them potentially "vulnerable and dependent" upon Joe, and how he allegedly had knowledge of them.  Without any such facts, these allegations are, like much of the rest of the FAC, simply baseless conclusion, and should be dismissed without leave to amend under the authorities cited above.

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Claim eighteen of the First Amended Complaint fails to allege any wrongdoings on the part of Dan against Natalya.  Even with respect to Liza, it fails to give factual support for Dan's alleged "threatening and actual offensive sexual advances . . .and constant suggestions of sexual interactions with Liza . . ."  (FAC, 24:20-21)  Merely stating the age and weight of Defendant is insufficient in alleging sexual misconduct as it improperly implies that a simple difference in a male's age and size in relation with a female is sufficient to show sexual misconduct.

Despite an opportunity to remedy such clear factual defects, Plaintiffs *again* failed to provide factual support for their overbroad and collective allegations in the FAC.  Therefore, claim eighteen (18) fails to state a claim upon which relief can be granted, and must be dismissed without leave to amend.

### 4.    CLAIM TWELVE FOR FRAUD FAILS TO SUFFICIENTLY PLEAD THE FACTS WITH THE SPECIFICITY REQUIRED BY F.R.C.P. RULE 9(b).

Claim twelve (12) alleges that Joe Cunningham committed fraud in bringing Plaintiffs to the United States.[4]  The Court dismissed Plaintiffs' twelfth claim as pled in the original Complaint with leave to amend, reasoning that pursuant to F.R.C.P. Rule 9(b), "[P]laintiffs must aver circumstances of the alleged fraud with particularity[,]" and contentions of forced labor, without more, "do not support the inference that statements by Joe in 2005 were made with the intent to obtain forced labor."  (Order, 9:18-19, 24-25)  The FAC fails to cure this defect, again falling short in setting forth the factual particularity that is required for a claim of fraud by Rule 9(b).  As such, the First Amended Complaint must be dismissed without leave to amend.

As the Court's Order advised Plaintiffs, the elements of a claim of fraud are: (1) a false statement; (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5)

---

[4] Claim twelve (12) is ambiguous as to which Plaintiff alleges Joe Cunningham defrauded.  The caption under the title of the claim lacks this information, and Paragraph 77 states: "Plaintiff hereby refers to and incorporates . . ." (First Amended Complaint, 20:1-2)  The remainder of the claim alleges that Joe defrauded both Plaintiffs.

resulting damage.  In the First Amended Complaint, however, not only Plaintiffs fail to provide sufficient facts, they fail to even satisfy the fundamental elements of a cause of action for fraud. Plaintiffs simply restate the same general allegations in virtually the same manner.

In the original Complaint, Plaintiffs alleged that "Joe knowingly made false representations to Natalya in or about October 2005 about the circumstances and the lawfulness of her emigration to the United States, including, but not limited to, falsely informing Natalya and her daughter that they would be cared for in a loving and safe relationship."  (Original Complaint, 18:18-21)  Despite this Court's admonition to provide facts with more specificity, Plaintiffs restated their allegation in virtually the same manner in the First Amended Complaint: "Joe made representation of material fact when he told Natalya that he had planned to provide a loving, supportive home for Plaintiffs when (and if) they moved to the United States and to his property."  (FAC, 20:3-6)  Plaintiffs provided no specific facts in support of this allegation and no facts as to how making such alleged statements to one's potential future spouse makes it a "false statement" as required for a claim of fraud.  Plaintiffs simply state that "Joe's representations were in fact false."  (FAC, 20:16)   This and subsequent statements in the First Amended Complaint merely alleging that Joe lacked the intent to carry out his promises are conclusory and lack factual support necessary for a heightened requirement of particularity.

Plaintiffs equally fail to aver sufficient facts to support Joe's alleged "intent to defraud and induce Plaintiffs to come to the United States."  (FAC, 20:27-28)  Again, mere allegations without factual explanation are impermissible and grounds for dismissal without leave to amend.

Due to lack of any facts to support their outrageous allegations, Plaintiffs resort to repeatedly making the same allegations and restating the same baseless averments.  *See* FAC, ¶¶ 78, 80, 82, 83 and 86.  Plaintiffs allege that Joe's alleged statement that he was a lawyer is

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

sufficient to show that he had the intent to defraud Plaintiffs into moving to the United States to obtain forced labor from them.  Additionally, beyond the mere conclusion, the FAC fails to give factual detail as to how Joe's brining Plaintiffs to the United States was in violation of U.S. immigration laws.

The FAC attempts to allege Joe's intent to defraud Plaintiffs in 2005 by alleging that he engaged in abusive conduct in 2008.  (*See* FAC, 21: 22-28)  This is nonsensical.  Additionally, Plaintiffs fail to set forth with particularity what Dan Cunningham did to defraud Natalya and Liza.  Plaintiffs merely generally allege that "Joe, with the help of his son, Dan continued this fraud . . ."  (FAC, 22:6-5) Again, this is nonsensical, and fails to aver facts that would plausibly satisfy  any of the elements of a cause of action for fraud.

Despite an opportunity to amend, claim twelve (12) of Plaintiffs' First Amended Complaint is virtually the same factually insufficient and legally flawed claim of their original complaint.  As such, given the factual particularity requirement of a fraud cause of actions, claim twelve should be dismissed without leave to amend.

## III.    CONCLUSION

Although Plaintiffs were granted an opportunity to amend their grossly deficient complaint, they have once again failed to allege facts which plausibly state claims for relief. Defendants respectfully request the Court to dismiss all but the first cause of action against Defendant Joe Cunningham from the First Amended Complaint without leave to amend.

Dated: May 9, 2011                                    LAW OFFICES OF SPENCER SMITH


                                                      */s/ Dow W. Patten*
                                                      DOW W. PATTEN, Of Counsel
                                                      Attorneys for Defendants Joe Cunningham
                                                      and Daniel Cunningham

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT