1  NANCY A. PALANDATI (SBN 169987)
   LAW OFFICES OF NANCY A. PALANDATI
2  1180 Fourth Street, Suite B
   Santa Rosa, CA 95404
3  Telephone: (707) 222-3115
   Facsimile:  (707)  222-3115
4  Email:  npalandati@palandatilaw.net

5  PETER GOLDSTONE (SBN 221220)
   LAW OFFICES OF PETER GOLDSTONE
6  peter@goldstonelaw.com
7  703 Second Street, Suite 411
   Santa Rosa, California  95404
8  Telephone: (707) 237-5991
   Facsimile:  (707)  237-6070

9  Attorneys for Plaintiffs SHUVALOVA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALYA SHUVALOVA and ELIZABETH SHUVALOVA, ,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH RICHARD CUNNINGHAM, DANIEL CUNNINGHAM, and DOES 1 – 10 Inclusive.<br><br>Defendants. | **Case No. CV: 10:2159 RS**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6)**<br><br>Date:  June 16, 2011<br>Time:  1:30 p.m.<br>Courtroom: 3<br>Address:  450 Golden Gate Avenue, 17th Fl.<br>             San Francisco, CA<br><br>**Assigned:  Honorable Richard Seeborg** |

Plaintiffs' Opposition To Defendants' Motion To Dismiss
Plaintiffs' First Amended Complaint Pursuant To
F.R.C.P. Rule 12(b)(6)

*Shuvalova, et al. v. Cunningham, et al.*
*Case No. CV:10:2159 RS*

# TABLE OF CONTENTS

I. PROCEDURAL HISTORY ………………………………………………… 1

II. BRIEF SUMMARY OF FACTUAL BACKGROUND...............................................1

III. LEGAL STANDARD........................................................................................1

    A. Defendants' Motion Is Untimely …………………………………………… 1

    B. Motions to Dismiss Are Disfavored ……………………………………… 2

    C. Standard of Review…………………………………………………………...3

    D. Defendants Must Meet the Burden of a 12(b)(6) Challenge………………… 3

    E. The Court Must Accept Plaintiffs'' Factual Allegations As True……………3

    F. The Complaint Must Be Construed In The Light Most
Favorable To Plaintiffs……………………………………………………….. 4

    G. Rule 12(b)(6) Dismissal Are Disfavored Where A Novel
Theory Is Presented…………………………………………………………... 5

IV. DEFENDANTS' MOTION FAILS..................................................................5

    A. TVPRA Claims Are Sufficiently Pled …………………………………………5

    B. Fraud & Misrepresentation Claims ……………………………………… 6

    C. Tort Claims Are Sufficiently Pled ……………………………………………7

V. REQUEST FOR LEAVE TO AMEND ………………………………………….. 7

VI. CONCLUSION ……………………………………………………………… 7

Plaintiffs' Opposition To Defendants' Motion To Dismiss       *Shuvalova, et al. v. Cunningham, et al.*
Plaintiffs' First Amended Complaint Pursuant To      *Case No. CV:10:2159 RS*
F.R.C.P. Rule 12(b)(6)

# TABLE OF AUTHORITIES

Cases

*Allison v. California Adult Authority,* 419 F2d 822, 823 (9th Cir. 1969).............................. 4

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (U.S. 2009................................................................4, 5

*Baker v. Cuomo*, 58 F3d 814, 818–819 (2nd Cir. 1995)..............................................................5

*Barker v. Riverside County Office of Ed.,* 584 F.3d 821, 824 (9th Cir. 2009).........................5

*Bell Atl. Corp. v. Twombly,* (2007) 550 US 544, 556, 127 S.Ct. 1955, 1965.....................2, 4, 5

*Bernheim v. Litt*, 79 F3d 318, 321 (2nd Cir. 1996)......................................................................4

*Braden v. Wal-mart Stores, Inc*. 588 F3d 585, 595 (8th Cir. 2009).........................................5

*Broan v. Bofan*, 320 F.3d 1023, 1028 (9th Cir. 2008)...............................................................2

*Columbia Natural Resources, Inc. v. Tatum* 58 F3d 1101, 1109 (6th Cir. 1995)....................5

*Conley v. Gibson*, 355 U.S. 41, 47 (1957)…….....................................................................…..3

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc*.
911 F.2d 242, 246-47 (9thCir.1990) 22 ……………………………………………………….7

*Diaz v. International Longshore and Warehouse Union, Local 13*
474 F.3d 1202, 1205 (C.A.9 (Cal.) 2007)...................................................................................2

*Falkowski v. Imation Corp.,* 309 F.3d 1123, 1132 (9th Cir.2002) ……………………………..3

*Gardner v. American Home Mortg. Servicing, Inc*. 691 F.Supp.2d 1192, 1199 (2010)............3

*Gregory v. Dillard's, Inc*. 565 F.3d 464, 496 (8th Cir. 2009)......................................................3

*Hillblom v. County of Fresno* 539 F.Supp.2d 1192, 1206 (2008)..............................................3

*Hishon v. King & Spalding* 467 U.S. 69, 73 (1984)………………………………………..….. 3

*Hydrick v. Hunter* 466 F.3d 676, 686 (9th Cir.2006)……...................................................... 2

*In Re Delmara Sec. Litig.* 794 F.Supp. 1293, 1298 (1992) …………………………………… 3

*In re Estate of Young,*160 Cal.App.4th 62, 79, 72 Cal.Rptr.3d 520 (2008)............................15

*Johnsrud v. Carter,* 620 F.2d 29, 33 (1980)..............................................................................3

*Lomand v. UIS Unwired, Inc.,* 565 F. 2d 228, 232 (2009). .......................................................2

*Marder v. Lopez* 450 F.3d 445, 448 (9th Cir.2006)...............................................................2, 3

*Nami v. Fauver* 82 F3d 63, 65 (3rd Cir. 1996)..........................................................................4

*NL Indus., Inc. v. Kaplan* 792 F.2d 896, 898 (9th Cir.1986)…………………………………..3

*Padilla v. Yoo* 633 F.Supp.2d 1005 (2009).................................................................................4

*Pareto v. FDIC,* 139 F.3d 696, 699 (9th Cir. 1998) …………………………………………3

*Peloza v. Capistrano Unified School Dist.* (9th Cir. 1994) 37 F3d 517, 521..........................4

*Reddy v. Litton Indus., Inc.* 912 F.2d 291, 296 (9thCir.1990)………………………………..7

*Rescuecom Corp. v. Google Inc.* (2nd Cir. 2009) 562 F.3d 123, 127.................................... 3

*Scheuer v. Rhodes* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)………………..2

*Scott v. Ambani* (6th Cir. 2009) 577 F.3d 642, 646.......................................................................3

*Swierkiewicz v. Sorema N.A.*534 U.S. 506 (2002)……………………………………………3

*Tybout v. Karr Barth Pension Admin., Inc.*819 F.Supp. 371, 376 (1993)................................3

Statutes

FRCP Rule 8(a)......................................................................................................................2, 3

FRCP Rule 12(b)(6)............................................................................................................1, 2, 3, 4

FRCP 15(a)(3)………………………………………………………………………………..2, 8

18 U.S.C. §§ 1589 and 1595......................................................................................................5

Trafficking Victims Protection Reauthorization Act of 2008……………………………..5, 6

---

Plaintiffs, through their counsel of record submit the following Opposition To Motion to Dismiss [(F.R.C.P. Rule 12(b)(6)].

## I. PROCEDURAL HISTORY

Plaintiffs filed their complaint on May 19, 2010; Defendants filed a motion to dismiss under F.R.C.P. Rule 12(b)(6). The Court granted in part and denied in part and ordered Plaintiffs to file their First Amended Complaint no later than January 11, 2011. Defendants filed their motion to dismiss pursuant to F.R.C.P. 12(b)(6) on May 9, 2011, as to Plaintiffs' First Amended Complaint.

## II. BRIEF SUMMARY OF FACTUAL BACKGROUND

Natalya Shuvalova (Natalya) and her daughter Elizabeth (Liza) are victims of human trafficking, brought into this country under false promises and pretenses. Defendants Joseph Cunningham (Joe) and his middle-aged son, Daniel Cunningham (Dan), knowingly and willfully conspired to lure Natalya and to bring her minor daughter, Liza, from their home in Russia, with false promises of family and marriage. Once on Joe's isolated, rural property in Lake County, California, Joe began a campaign of abuse and terror subjecting Natalya and Liza to what would become more than seven long months of backbreaking labor, psychological abuse and threats of physical harm and death. Joe's efforts were greatly assisted by his son, Dan.

## III. LEGAL STANDARD

**A.     Defendants' Motion Is Untimely**

Under the Federal Rules of Civil Procedure, the time within which a defendant must respond to an amended pleading is set forth: "Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."

F.R.C.P. 15(a)(3). Plaintiffs filed and served their First Amended Complaint on January 11, 2011, as required by the Court's order. Defendants' response or answer was due no later than January 25, 2011; Defendants' Motion was not filed until May 9, 2011, more than three months after the deadline under F.R.C.P. 15(a)(3).

**B.      Motions To Dismiss Are Disfavored:**

Courts disfavor motions to dismiss because of the lesser role pleadings play in federal practice and the liberal policy towards amendment. See e.g. *Lomand v. U.S. Unwired, Inc.*, 565 F. 2d 228, 232 (2009). In fact, dismissal with prejudice (the order sought by Defendants) is only proper in "extraordinary cases." *Broan v. Bofan*, 320 F.3d 1023, 1028 (9th Cir. 2008). "A complaint survives a motion to dismiss if it contains 'enough facts to state a claim to relief that is plausible on its face.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, *Twombly* also held that courts must accept all material factual allegations in the complaint as true: "Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations." *Twombly* at 556, 127 (internal quotes omitted).

*Diaz v. International Longshore and Warehouse Union, Local 13* 474 F.3d 1202, 1205 (C.A.9 (Cal.) (2007) (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.2006)) is instructive:

> Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.2006). Under the notice pleading standard of the Federal Rules, plaintiffs are only required to give a "short and plain statement" of their claims in the complaint. Fed.R.Civ.P. 8(a). "Thus, '[w]hen a federal court reviews the sufficiency of a complaint,[our] task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Hydrick v. Hunter*, 466 F.3d 676, 686 (9th Cir.2006) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (alterations in *Hydrick*)).

## C. Standard of Review

The purpose of Rule 8(a) is to simply require that the complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Falkowski v. Imation Corp.*, 309 F.3d 1123, 1132 (9th Cir.2002), citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002); *See also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## D. Defendants Must Meet The Burden of A 12(b)(6) Challenge

While under 12(b)(6) "[a] count of a complaint may be dismissed for failure to state a claim … the burden to show the failure rests with the moving party." *Tybout v. Karr Barth Pension Admin., Inc.* 819 F.Supp. 371, 376 (1993) citing *In Re Delmarva Sec. Litig.,* 794 F.Supp. 1293, 1298 (1992). *See also, Johnsrud v. Carter, 620 F.2d 29, 33 (1980).* Nor can Defendants correct this failure in their reply. *See Hillblom v. County of Fresno,* 539 F.Supp.2d 1192, 1206 (2008); *Gardner v. American Home Mortg. Servicing, Inc.,* 691 F.Supp.2d 1192, 1199 (2010).

## E. The Court Must Accept Plaintiffs' Factual Allegations As True

All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986); *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). The court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Rescuecom Corp. v. Google Inc.* 562 F.3d 123, 127 (2nd Cir. 2009); *See also Scott v. Ambani* (6th Cir. 2009) 577 F.3d 642 646; *Gregory v. Dillard's, Inc.* 565 F.3d 464, 496 (8th Cir. 2009). Moreover, courts

must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified School Dist*. 37 F.3d 517, 521(9th Cir. 1994).

Regardless of how improbable, the facts must be accepted as true for purposes of the motion. *Twombly*, at 556; *Bernheim v. Litt* 79 F.3d 318, 321 (2nd Cir. 1996) ("Recovery may seem remote and unlikely on the face of the pleading, but that is not the test for dismissal").

**F.     The Complaint Must Be Construed In The Light Most Favorable To Plaintiffs**

Defendants suggest that the burden of survival of a 12(b)(6) motion lies with the plaintiff to "*show* facial plausibility," relying on the recent ruling in *Ashcroft v. Iqbal* 129 S.Ct. 1937 (2009). But even under *Iqbal,* Defendants must show that Plaintiffs have failed to sufficiently state causes of action. Specifically, Justice Kennedy wrote: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 1949. In a later case, the Northern District of California in *Padilla v. Yoo* 633 F.Supp.2d 1005 (2009) held that "to survive a motion to dismiss, a plaintiff's burden is limited to setting forth factual allegations sufficient to 'raise the right to relief above the speculative level.'" *Id.* at 1019 (citing *Twombly*). *Twombly* further held that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable, and that a recovery is very remote and unlikely." *Twombly,* at 556.

The question of Plaintiffs' ability to prove their allegations, (or difficulties of proof), is irrelevant to a 12(b)(6) motion: "In considering a 12(b)(6) motion, we do not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." *Nami v. Fauver* 82 F.3d 63, 65 (3rd Cir. 1996); *See also Allison v. California Adult Authority* 419 F2d 822, 823 (9th Cir. 1969).

All reasonable inferences from the facts alleged are drawn in plaintiff's favor in determining whether the complaint states a valid claim. *Braden v. Wal-mart Stores, Inc.* 588 F3d 585, 595 (8th Cir. 2009). "*Twombly* and *Iqbal* did not change this fundamental tenet of Rule 12(b)(6) practice[.]" *See also Barker v. Riverside County Office of Ed*. 584 F.3d 821, 824(9th Cir. 2009). Ambiguous inferences (allegations capable of more than one inference) must be resolved to whichever inference supports a valid claim. *Columbia Natural Resources, Inc. v. Tatum* (6th Cir. 1995) 58 F.3d 1101, 1109.

**G. Rule 12(b)(6) Dismissals Are Disfavored Where A Novel Theory Is Presented**

There is little case law interpreting the TVPRA, and certainly nothing to address an application of the TVPRA between parties, not engaged in a traditional employment situation. This case presents issues not previously decided by any court. Motions to dismiss are "especially disfavored in cases where the complaint sets forth a novel legal theory that can best be assessed after factual development." *Baker v. Cuomo* 58 F3d 814, 818–819 (2nd Cir. 1995).

## IV. DEFENDANTS' MOTION FAILS

**A. TVPRA Claims are Sufficiently Pled**

The dismissed with leave to amend, as to Dan Cunningham under Plaintiffs' first claim for TVPRA, 18 U.S.C. § 1589, 1595 (forced labor). Following the Court's order, Plaintiffs added facts in their First Amended Complaint (FAC), that Dan was at the property and interacting with Plaintiffs each weekend once Plaintiffs moved in (FAC ¶ 15); Dan assisted his father, Joe, with the use of force, and offensive sexual touching and actual physical restraint (FAC ¶¶ 24, 35, 37, 47 – 50, 55, 58, 63-64, 75, 92, 94, 100).

Again, following the Court's order, Plaintiffs added facts to their First Amended complaint to support their Second Claim for Relief, TVPRA § 1590, 1595 (forced trafficking

into servitude), alleging that Joe knowingly and deliberately flaunted his legal obligations as a sponsor of immigrants to this country to 1) facilitate the steps necessary for Plaintiffs to maintain legal status and 2) to meet his legal obligations to provide adequate food, shelter, clothing, and medical care required by immigrant sponsors, in addition to the overall deplorable way in which he treated Plaintiffs. (FAC ¶¶ 2, 13, 14, 23-28, 35, 37, 43, 46-59, 63-64, 67-75, 78-80, 82-89, 91-94, 99-100). Plaintiffs' FAC consistently segregated the allegations as to Joe or Dan by name. The second claim was dropped as to Dan. Joe benefited from his actions by monetary improvements to his property, sexual massages on demand and forced labor at his every whim, whether 24-hour housekeeping and cleaning, or through heavy manual labor – "labor or services" under TVPRA § 1590(a).

**B.     Fraud & Misrepresentation Claims**

Due to a drafting error, Plaintiffs thirteenth claim was improperly combined with the twelfth claim. Plaintiffs request that the Court grant them leave to amend to appropriately segregate these two separate claims. Defendant Joe will not be prejudiced and it is in the interests of justice to allow such an amendment.

At the same time Plaintiffs' FAC supports their twelfth claim for relief (fraud). Timing is an important factor here. For example, Plaintiffs' allege that Joe immediately took Plaintiffs to his isolated country property in Lake County (FAC ¶ 16) where he quickly (FAC ¶ 18) forced Plaintiffs into inadequate conditions (FAC ¶ 21,29), heavy manual labor in dangerous conditions (FAC ¶ 23, 24), exerted excessive control over their movements (FAC ¶ 25), for the sexual pleasure of both Defendants (FAC ¶ 24, 27). Joe did not fulfill is legal obligations as a sponsor of immigrants to the U.S. (FAC ¶ 78, 80-89).

Plaintiffs have dropped claims fourteen, fifteen and sixteen and allege their second claim for relief as to Joe only.

**C.      Tort Claims Have Are Sufficiently Pled**

The Court found that the tort claims – invasion of privacy, false imprisonment, assault and battery, intentional infliction of emotional distress and negligent infliction of emotional distress were not alleged specifically as to each defendant. Plaintiffs' FAC remedies any deficiency by specifically alleging explicit facts as to Dan and Joe separately. (FAC ¶¶ 47-59, 63-64, 67-75, 91-95, 99-101).

## V.      REQUEST FOR LEAVE TO AMEND

When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend (whether a request is made) unless amendment would be futile. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir.1990).   In determining whether amendment would be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc*., 912 F.2d 291, 296 (9th Cir.1990).   Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. *Id*. at 296-97.

Plaintiffs request, that in the event that the Court grants Defendants' Motion, the Court grants Plaintiffs leave to amend the Complaint.

## VI.      CONCLUSION

Defendants' motion should be denied in its entirety.  First, it is well beyond – in fact more than three months beyond – the deadline for filing a responsive pleading.  Defendants did not seek a stipulation from Plaintiffs or permission from this Court for additional time to file the

| | |
|---|---|
| 1 | responsive pleading.  The Court is well within its power to not only deny the motion but to find |
| 2 | Defendants in default for failing to timely file a response under F.R.C.P. 15(a)(3).  At the same |
| 3 | time, Plaintiffs believe that they have pled sufficient facts and addressed any deficiencies in their |
| 4 | First Amended Complaint.  Alternatively, Plaintiffs request that the Court grant further leave to |
| 5 6 | amend, especially as to the mis-drafted twelfth and thirteenth claims. |

Dated:  June 2, 2011                              LAW OFFICES OF NANCY A. PALANDATI


                                                         */S/     Nancy A. Palandati*
                                          Nancy A. Palandati, Attorney for Plaintiffs

# CERTIFICATE OF SERVICE

I am a citizen of the United States. My business address is 1180 Fourth Street, Suite B, Santa Rosa, California, 95404. I am employed in the county of Sonoma where this service occurs. I am over the age of 18 years and not a party to the within cause.

On June 2, 2010, I served the following documents(s) described as:

> PLAINTIFFS' OPPOSITION TO DEFENDANTS'
> MOTION TO DISMISS PLAINTIFFS' FIRST
> AMENDED COMPLAINT PURSUANT TO F.R.C.P.
> RULE 12(B)(6)

on the party(ies) listed below, addressed as follows:

| | | |
|---|---|---|
| Dow W. Patten<br>The Law Offices of Spencer Smith<br>353 Sacramento Street, Suite 1120<br>San Francisco, CA 94111 | X | By U.S. Mail |
| | X | By E-Filing pursuant to rules of the court |
| | | By Facsimile: |
| | | By email: |
| The Honorable Richard Seeborg<br>Northern District of California<br>Courtroom 3, 17th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | X | By U.S. Mail |
| | X | By E-Filing pursuant to rules of the court |
| | | By Facsimile: |
| | | By email: |

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 2, 2010, at Santa Rosa, California.

            */S/ Nancy A. Palandati*
            Nancy A. Palandati