*E-Filed 6/23/11*

NANCY A. PALANDATI (SBN 169987)
npalandati@palandatilaw.net
1180 Fourth Street, Suite B
Santa Rosa, CA 95404
Telephone: (707) 222-3115
Facsimile: (707) 222-3115

PETER GOLDSTONE (SBN 221220)
peter@goldstonelaw.com
703 Second Street, Suite 411
Santa Rosa, California 95404
Telephone: (707) 237-5991
Facsimile: (707) 237-6070

Attorneys for Plaintiffs SHUVALOVA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALYA SHUVALOVA and ELIZABETH SHUVALOVA,<br><br>        Plaintiffs,<br><br>v.<br><br>JOSEPH RICHARD CUNNINGHAM, DANIEL CUNNINGHAM, and DOES 1 – 10 Inclusive.<br><br>        Defendants. | **Case No. CV: 10:2159 RS**<br><br>**NOTICE OF WITHDRAWAL OF COUNSEL PETER GOLDSTONE AND [PROPOSED] ORDER PERMITTING WITHDRAWAL**<br><br><br><br><br>**Honorable Richard Seeborg** |

    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN, PLEASE

TAKE NOTICE that Plaintiffs NATALYA SHUVALOVA and ELIZABETH SHUVALOVA,

through the counsel of record herein move the Court for an Order pursuant to Civil Local Rule

11-5(a), for an Order allowing Plaintiffs' attorney, Peter Goldstone, to withdraw as attorney of

record in the above-captioned action.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MOTION TO WITHDRAW**

Pursuant to Civil Local Rule 11-5(a), Natalya Shuvalova and Elizabeth Shuvalova ("Plaintiffs") respectfully move the Court for an order allowing their attorney, Peter Goldstone, to withdraw from this case.

Dated May 26, 2011                                    Law Offices of Peter Goldstone


                                            _____ /s/     *Peter Goldstone*
                                            By: Peter Goldstone

**INTRODUCTION**

By this Motion, Peter Goldstone, Co-Counsel for Plaintiffs, Natalya Shuvalova and Elizabeth Shuvalova, request an order pursuant to Civil Local Rule 11-5(a), allowing Mr. Goldstone to withdraw as attorney of record in the above-captioned action.

**RELEVANT FACTS**

On or around January 5, 2011, Plaintiffs filed a notice of firm name and Address pursuant to the October 1, 2010 dissolution of the partnership of Palandati-Goldstone. In order to most efficiently facilitate the representation of Plaintiffs, in support of judicial economy, and to avoid any potential, perceived or real prejudice to the Plaintiffs themselves resulting from any failure to communicate or disagreements by counsel, Peter Goldstone and Nancy A. Palandati (co-counsel for Natalya and Liza Shuvalova) have agreed that attorney, Nancy A. Palandati, will represent plaintiffs as sole attorney of record. (See declaration of Goldstone, ¶¶3-5, filed herewith, below.)

Peter Goldstone has also obtained declarations from Nancy A. Palandati, Elizabeth Shuvalova, and Natalya Shuvalova stating that they do not oppose his withdrawal. See Declaration of Goldstone, and incorporated declarations. Attorney Goldstone also consulted with attorney for Defendants, Dow Patten, Esq., who stated, in writing that he will oppose Peter

Goldstone's withdrawal.  Patten's explanation for his refusal to cooperate with Goldstone's withdrawal is that "[t]he Court needs to retain jurisdiction over Mr. Goldstone for purposes of sanctions."  See Goldstone Dec. ¶6.

Plaintiffs, Natalya Shuvalova and Elizabeth Shuvalova now submit this Motion, respectfully asking that this Court to remove him as counsel based upon the following analysis.

## LEGAL ANALYSIS

Local Rule 11-5(a) provides: "Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case."

Moving counsel, Goldstone, gave Plaintiffs notice of his intent to withdraw, and Plaintiffs, who continue to be represented by co-counsel, Nancy A. Palandati, have consented to his withdrawal.  Mr. Goldstone also gave notice to counsel for Defendants, Dow Patten.  Finally, Mr. Goldstone has given notice to co-counsel Nancy A. Palandati who has also agreed not to oppose his withdrawal. (See declaration of Goldstone, cited above in "Facts.")  Accordingly, Mr. Goldstone has fully complied with Local Rule 11-5(a) and is not prevented under that rule from withdrawing.

California Federal Courts have typically looked to the California Rules of Professional Conduct ("CRPC".)  Pursuant to CRPC Rule 3-700(C), an attorney may withdraw or request to withdraw when "(6) [t]he member believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal."   While the attorney's withdrawal as counsel is within the discretion of trial court (see e.g. *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998)), "[i]n ruling on a motion to withdraw, some courts have looked to the following factors: 1) the reasons why withdrawal is sought; 2) the prejudice

withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *Canandaigua Wine Co., Inc. v. Edwin Moldauer* 2009 WL 89141, 1 (E.D.Cal.) (E.D.Cal.,2009) (Cited by this court in *Robinson v. Delgado* 2010 WL 3259384, 2 (N.D.Cal.) (N.D.Cal.,2010).

Here, as set forth in the facts, above, and as supported by the Declaration of Goldstone, below, there should be no problems with the *Canandaigua Wine Co* factors (1), (3), or (4).

(1) Moving Party seeks to withdraw because the partnership of co-counsel was dissolved making co-representation less efficient and effective for the Parties, counsel and the Court;

(3) There is no reason to believe that the administration of justice will be harmed, in fact judicial efficiency will be improved by the removal of an extra attorney to serve and communicate with—Plaintiffs continue to be represented by an attorney who represented them from the beginning; and,

(4) There is absolutely no reason to expect that this will delay the resolution of the case—quite the opposite.

The only dispositive and contested issue is factor (2); that is, Defendants (through counsel) assert that Mr. Goldstone's withdrawal will cause them prejudice because, under their construction, the Court might lose jurisdiction over Goldstone for purposes of sanctions. The question for the Court, then, is whether it would be abusing its discretion by allowing Mr. Goldstone to withdraw.

In fact, requiring Mr. Goldstone to stay in the case, would be an unusual punishment to both his clients and co-counsel.  Since the plaintiffs themselves have agreed that Goldstone will no longer represent them, since they are represented by counsel and since their counsel has

_____

Notice of Withdrawal                                                      *Shuvalova, et al., v. Cunningham, et al.*
                                                                           Case No. CV:10:2159 RS

4

agreed that Goldstone will no longer represent them, his role, if he is forced to stay in the case, is quite undefined. He is not a party—Defendants have not filed any action against him. He can no longer speak on behalf of his former clients and, as set forth in the declarations, communications are strained between the former partners Goldstone and Palandati and the division of the partnership has resulted in Palandati's taking over this case. Accordingly, it is evident that Plaintiffs will be prejudiced by keeping Goldstone in the case against their will and the will of Palandati.

On the other hand, it is uncertain from Mr. Patten's letter why this Court would lose its jurisdiction over Goldstone for purposes of sanctions, if in fact his behavior as an attorney in this matter has been sanctionable. Accordingly, Mr. Patten and his client would in no manner, they have asserted, be prejudiced by Mr. Goldstone's withdrawal.

If, in fact, for some statutory reason, unstated by Mr. Patten in his letter of May 25, 2011, the Court must formally retain jurisdiction over Mr. Goldstone in order to sanction him, then the Court must certainly be empowered to make an order specifically to that effect; that is, the Court could order that this Court shall retain jurisdiction over Mr. Goldstone for purposes of Sanctions only. This is not meant, in any manner, to indicate that Mr. Goldstone agrees that he deserves to be sanctioned. In fact, Mr. Goldstone certainly does not agree that he deserves sanctions and would likely oppose a motion to sanction him, in any case.

## **CONCLUSION**

For all the reasons set forth above, Peter Goldstone prays that this Court enter an order removing him as attorney of record for Plaintiffs in this case.

Dated May 26, 2011                    Law Offices of Peter Goldstone

                                        _____/s/_____Peter Goldstone_
                                        By: Peter Goldstone

_____

Notice of Withdrawal                                    *Shuvalova, et al., v. Cunningham, et al.*
                                                        Case No. CV:10:2159 RS

**DECLARATION OF PETER GOLDSTONE
IN SUPPORT OF MOTION TO WITHDRAW**

I, PETER GOLDSTONE, declare as follows:

1.      I am one of the attorneys for plaintiffs and submit this declaration in support of the above, Motion to Withdraw as Counsel.

2.      Nancy A. Palandati and I undertook representation of Plaintiffs in this case as co-counsel.  Until October, 2010, Ms. Palandati and I were partners in the, now defunct, partnership of Palandati-Goldstone LLP.

3.      Nancy A. Palandati and I agree that it is no longer Plaintiffs' best interest for us to share co-representation of Natalya and Elizabeth Shuvalova.

4.      Both Nancy A. Palandati and I have communicated with Natalya and Elizabeth Shuvalova and they have agreed to be represented by Nancy A. Palandati alone.  I have attached hereto and incorporated herein true and correct copies of declarations sworn under penalty of perjury of both Natalya and Elizabeth Shuvalova (*Exhibits A* and *B,* respectively) in which Plaintiffs state that they are informed of my withdrawal and will not oppose it.

5.      I have communicated with Nancy A. Palandati, who will not oppose my withdrawal as co-counsel for Plaintiffs in this case. *Exhibit C*, attached hereto and incorporated herein, is a sworn declaration of Nancy A. Palandati supporting this statement.

6.      I have communicated with Dow A. Patten, Esq., Counsel for Defendants, who wrote back to me informing me that he will oppose my withdrawal as co-counsel for Plaintiffs in this case. *Exhibit D*, attached hereto and incorporated herein, is a true and correct copy of a letter from Dow A. Patten, dated May 25, 2011, stating that he and his client believe: "The Court needs to retain jurisdiction over Mr. Goldstone for Purposes of Sanctions."

---

1    I declare under penalty of perjury that the foregoing is true and correct.

2

3    Executed on May 26, 2011                    _____ /s/   Peter Goldstone

4                                                Peter Goldstone

5                        [PROPOSED] ORDER

6         **GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED** that

7    Attorney, Peter Goldstone, shall be removed as attorney of record in the above-captioned matter.

8    Dated:   6/23/11

9

10

11                        The Honorable _ Richard Seeborg __

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28