IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

NATALYA SHUVALOVA and
ELIZABETH SHUVALOVA,

    Plaintiffs,

v.

JOSEPH RICHARD CUNNINGHAM,
DANIEL CUNNINGHAM, and DOES 1-10,
inclusive,

    Defendants.

Case No. C 10-02159 RS

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

## I. BACKGROUND

Plaintiffs Natalya Shuvalova and her daughter Elizabeth Shuvalova (Liza) bring this action against defendants Joseph Cunningham (Joe) and his adult son Daniel Cunningham (Dan). In February 2008, plaintiffs emigrated from Russia to the United States to live with Joe at his rural property in Clearlake, California. On May 3, 2008, Joe and Natalya married. Plaintiffs allege that instead of providing the loving home Joe promised, he forced them into involuntary servitude at the property. On December 12, 2010, the Court issued an Order dismissing all claims then brought by plaintiffs for failure to state a claim, with the exception of their allegation that Joe violated the forced labor section of the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1589. *See Shuvalova v. Cunningham*, No. C 10-02159 RS, 2010 U.S. Dist. LEXIS 135502 (N.D.

Cal. Dec. 22, 2010). The Court granted leave to amend as to certain of the dismissed claims and plaintiffs thereafter filed their first amended complaint (FAC). Presently at issue is defendants' motion to dismiss the FAC for failure to state a claim.[1] This matter is suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the motion to dismiss is granted in part and denied in part.

Plaintiffs' factual allegations were recounted in the prior Order and are not repeated in detail here. *See Shuvalova*, 2010 U.S. Dist. LEXIS 135502, at *2-5. Briefly, Natalya and Joe met through a computer dating service in October 2005. As alleged in the FAC, from the outset, Joe was engaged in a fraudulent scheme to convince plaintiffs to immigrate to the United States by falsely promising to provide a loving family. Instead, Natalya contends that defendants forced her to perform heavy, manual labor on Joe's property for eight to twelve hours per day, usually seven days per week. Liza was also forced to labor both inside and outside the home. Joe physically and verbally threatened plaintiffs, threw objects at them, prevented them from leaving the house, and interfered with phone and internet access. Dan also lived at the property on weekends. Plaintiffs allege that he would forcibly grab and fondle Liza and routinely enter her bedroom while she was dressing or the bathroom during her showers. Based on their allegations, plaintiffs assert eight claims in the FAC: (1) forced labor under the TVPRA, 18 U.S.C. § 1589; (2) trafficking under the TVPRA, 18 U.S.C. § 1590; (3) invasion of privacy; (4) false imprisonment; (5) assault and battery;

---

[1] Plaintiffs object to defendants' motion to dismiss on the grounds that it is untimely, as they filed this motion nearly four months after they were served with the FAC. *See* Fed. R. Civ. P. 15(a)(3). Defendants nonetheless argue that, under the law of this Circuit, the filing of a motion to dismiss at any time is timely, so long as no responsive pleading has yet been filed. In the case on which they rely, however, the defendants had entered into a stipulation with the plaintiff to extend the time to reply to the complaint. On the deadline, instead of answering, defendants filed a Rule 12(b)(6) motion instead. *See Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988). Under those circumstances, the Ninth Circuit held that the motion to dismiss was timely filed, even though it was made more than twenty days after service of the complaint. *Id.*; *see also Bechtel v. Liberty Nat'l Bank*, 534 F.2d 1335, 1341 (9th Cir. 1976) (explaining that "if an extension of time has been allowed for filing a responsive pleading, logic and reason would appear to dictate that the extension should apply to a [Rule 12(b)] motion as well"). As the parties in this case did not enter into a stipulation and the Court did not otherwise grant an extension, defendants' motion is untimely. Nonetheless, defendants' failure to answer was raised in plaintiffs' Case Management Statement filed on April 28, 2011 and was discussed at the Case Management Conference on May 5, 2011. At that time, defendants indicated their intention to file a motion to dismiss in the near future and plaintiffs did not suggest that they opposed the Court's consideration of it. Therefore, the Court will address defendants' motion to dismiss on the merits.

(6) fraud; (7) intentional infliction of emotional distress (IIED); and (8) negligent infliction of emotional distress (NIED).

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must present "a short and plain statement of the claim" demonstrating that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate if the claimant either does not raise a cognizable legal theory or fails to allege sufficient facts to support a cognizable claim. *See* Fed. R. Civ. P. 12(b)(6); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). While a legally sufficient complaint does not require "detailed factual allegations," it must contain more than "unadorned" assertions of harm or bare legal conclusions without factual support. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Furthermore, Federal Rule of Civil Procedure 9(b) requires that "[in] allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy the rule, a plaintiff must plead the "who, what, where, when, and how" of the claimed misconduct. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). While leave to amend generally is granted liberally, if amendment would be futile, then dismissal without leave to amend is within the court's discretion. *See*, *e.g.*, *Saul v. United States*, 928 F.2d 828, 843 (9th Cir. 1991).

## III. DISCUSSION

A. <u>TVPRA</u>

In their first claim, plaintiffs allege that Joe and Dan forced them to engage in manual labor in violation of the TVPRA.[2] 18 U.S.C. § 1589. In particular, section 1589(a) of the Act proscribes a party from knowingly providing or obtaining the labor or services of a person through force, physical restraint, serious harm to that person or another person, abuse of law or legal process, or threat of any of those means. Section 1589(b) provides liability for one who knowingly obtains financial benefit from the provision of such labor. In its prior Order, the Court denied defendants'

---

[2] Although the TVPRA is a criminal statute, section 1595 provides a private right of action under the Act. *See* 18 U.S.C. § 1595 ("An individual who is a victim of a violation of this chapter . . . may bring a civil action . . . and recover damages and reasonable attorney's fees.").

motion to dismiss this claim against Joe and granted the motion to dismiss the claim against Dan with leave to amend. In the FAC, plaintiffs rely primarily on the same allegations previously deemed insufficient to state a claim. As before, the FAC asserts the general allegation that "Joe (with Dan's help)" forced plaintiffs to engage in heavy, manual labor. Dan lived on the property on weekends and is "a very large man." His physical presence itself is alleged to have served as a reminder that plaintiffs could not escape.

Although the allegations are not new to the FAC, plaintiffs include as support for this claim their contention that Dan made unwanted sexual contact with Liza, including that he would pick up, restrain, forcibly grope, and kiss her. While the conduct described is potentially actionable under various state law claims discussed below, these allegations do not constitute a claim of forced labor or sexual services. In short, plaintiffs fail to state a claim that Dan provided or obtained forced labor or services, or alternatively, that he received financial benefit from either. Accordingly, the section 1589 claim against Dan is dismissed without leave to amend.

In their second claim, plaintiffs allege that Joe violated an additional provision of the TVPRA. Section 1590 provides penalties for one who "knowingly recruits, harbors, transports, provides, or obtains by any means, any person for labor or services in violation of this chapter." § 1590(a). Plaintiffs contend that Joe utilized an online dating service under false pretenses in order to bring them to the U.S. "to provide labor and sexual services." Plaintiffs, however, raise no factual allegations to support their contention that the two-year relationship maintained by Joe and Natalya prior to their marriage constitutes trafficking. While plaintiffs previously stated a sufficient claim against Joe for forced labor, those factual allegations, without more, do not support a distinct claim for trafficking. Therefore, plaintiffs' section 1590 claim against Joe must be dismissed without leave to amend.

B. <u>Fraud</u>

Plaintiffs allege that Joe fraudulently induced them to leave their home and family in Russia with the intent to keep them against their will and force them into "virtual slavery." A claim of fraud includes five elements: (1) a false statement; (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage. *See Robinson Helicopter Co., Inc. v.*

*Dana Corp.*, 34 Cal. 4th 979, 990 (2004). Plaintiffs contend that Joe made several misrepresentations including that he "planned to provide" a loving, supportive home if they moved to the United States; that he would "perform as required" to obtain legal status for them; and that he would, as required by federal immigration laws, provide food, shelter, clothing, and medical care. As each of these statement refer to future conduct, in order to state a claim for fraud, plaintiffs must allege that Joe had no intent to perform the promises at the time he made them. *See Tenzer v. Superscope*, 39 Cal. 3d 18, 29 (1985) (distinguishing between "an unkept but honest promise and one which the promisor never intended to perform").

As an initial matter, plaintiffs fail to plead the circumstances of fraud with sufficient particularity. *See* Fed. R. Civ. P. 9(b). According to the FAC, Natalya and Joe began their relationship in October 2005 and spent more than two years engaged in daily emails and hours of phone conversation each week. Twice they spent two-week vacations together in Poland before Natalya and Liza immigrated to the United States in February 2008. Plaintiffs assert that, in October 2005, Joe falsely informed them that "his bringing them into the United States was in accordance with the laws of the United States." Aside from that single allegation, plaintiffs do not identify when during Joe and Natalya's relationship he made the alleged misstatements above. Additionally, plaintiffs do not describe who was present when specific statements were made or other circumstances indicating the statements were fraudulent.

Furthermore, a defendant's failure to perform a promise without more is insufficient to support an inference that he or she did not intend to perform at the time it was made. *See Tenzer*, 39 Cal. 3d, at 30 (1985) (explaining that "something more than nonperformance is required to prove the defendant's intent not to perform his promise"). Fraudulent intent may, and in fact often must be, shown by circumstantial evidence. *See id.* In this case, plaintiffs argue that the Court should infer Joe's intent to defraud based on his treatment of them soon after they arrived at his property in California. Under the totality of the circumstances—including the duration of Joe and Natalya's prior relationship and the fact that they are married—Joe's conduct more than two years later, by itself, does not support an inference that the relatively general promises allegedly made by Joe as early as October 2005 were undertaken with the intent to defraud. Absent sufficient particularity

and factual allegations reflecting that the promises were false when made, despite prior opportunity to amend, plaintiffs' fraud claim must be dismissed without further leave.[3]

C.  Additional Tort Claims

In their FAC, plaintiffs bring a number of state law claims that were previously dismissed with leave to amend: invasion of privacy, false imprisonment, assault and battery, IIED, and NIED. In the prior Order, the Court observed that the complaint may include sufficient allegations to state many of them. Nonetheless, the claims were dismissed because, as pleaded, they relied on allegations that "defendants" collectively, engaged in certain conduct against "plaintiffs" collectively.

In their motion to dismiss, defendants contend that plaintiffs have not fixed the deficiency in the form of pleading as required by the Court. Defendants, however, read too much into the Court's prior instruction. Although plaintiffs occasionally refer to "defendants" or "plaintiffs," the claims in the FAC state specific conduct engaged in by Joe or by Dan toward either Natalya or Liza. Additionally, assault and battery are two separate torts, as defendants suggest, and plaintiffs bring one claim on these grounds. It is unwarranted, however, to dismiss the claim solely for this reason. As pleaded, defendants are sufficiently on notice as to their individual accused conduct, which was the concern raised in the prior dismissal and adequately addressed in the FAC. In fact, because plaintiffs have stated their allegations with more specificity, it is apparent that the FAC contains essentially no allegations describing acts by Dan involving Natalya. Accordingly, defendants' motion to dismiss the invasion of privacy, false imprisonment, assault and battery, IIED, and NIED claims by Natalya against Dan is granted without leave to amend.

---

[3] In their Opposition, plaintiffs request leave to amend this claim on the grounds that, due to a drafting error, they inadvertently combined their fraud and misrepresentation claims. Plaintiffs do not suggest that they left out allegations material to these claims; they merely request that they be allowed to segregate the claim into two. As explained in the prior Order, a claim for misrepresentation must relate to a statement of "past or existing material fact." *See Lincoln Alameda Creek v. Cooper Indus.*, 829 F. Supp. 325, 330 (N.D. Cal. 1992). The only statement of past or existing fact that plaintiffs mention in this claim is that Joe stated he was a lawyer. Even if, as plaintiffs allege, he was not then an active member who was eligible to practice does not render the simple statement false. Thus, plaintiffs' request for leave to amend to state separately a misrepresentation claim is denied.

The remaining claims are those asserted by Natalya against Joe and by Liza against both Joe and Dan. In their motion to dismiss, defendants repeatedly characterize the prior Order as finding plaintiffs' factual allegations to be insufficient to state a claim. In so doing, defendants ignore reference in that Order that the complaint may include sufficient allegations, once the issue of undifferentiated "defendants" is addressed. In their motion to dismiss, defendants bear the burden of establishing the particular elements of a claim that are insufficiently pleaded based on all of the factual allegations in the FAC, a burden they fail to meet. Accordingly, their motion to dismiss the invasion of privacy, false imprisonment, assault and battery, IIED, and NIED claims by Natalya against Joe and by Liza against both Joe and Dan is denied.

## IV. CONCLUSION

Defendants' motion to dismiss the TVPRA section 1589 claim against Dan, the TVPRA section 1590 claim against Joe, and the fraud claim against Joe is granted without leave to amend. Natalya's claims for invasion of privacy, false imprisonment, assault and battery, IIED, and NIED against Dan also are dismissed without leave to amend. Defendants' motion to dismiss Natalya's claims against Joe and Liza's claims against Joe and against Dan for invasion of privacy, false imprisonment, assault and battery, IIED, and NIED is denied.

IT IS SO ORDERED.

Dated: 9/19/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE