**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **NATALYA SHUVALOVA and ELIZABETH SHUVALOVA,**<br><br>        **Plaintiffs,**<br><br>    **vs.**<br><br>**JOSEPH RICHARD CUNNINGHAM, DANIEL CUNNINGHAM, and DOES 1 through 50 inclusive,**<br><br>        **Defendants.** | **Case No.: 10-CV-02159-YGR**<br><br>**ORDER DENYING MOTION OF DEFENDANT DANIEL CUNNINGHAM TO DISMISS THE STATE LAW CLAIMS AGAINST HIM FOR LACK OF SUBJECT MATTER JURISDICTION** |

Plaintiffs Natalya Shuvalova ("Natalya") and her daughter Elizabeth Shuvalova ("Liza") bring this action against Defendants Joseph Cunningham ("Joe") and his adult son Daniel Cunningham ("Dan") for forced labor and false imprisonment. Plaintiffs' First Amended Complaint asserts claims for: (1) forced labor under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1589; (2) Invasion of Privacy; (3) False Imprisonment; (4) Assault and Battery; (5) Intentional Infliction of Emotional Distress ("IIED"); and (6) Negligent Infliction of Emotional Distress ("NIED"). After dismissal of the federal causes of action against Dan, the remaining claims against him are Liza's state-law tort claims for Invasion of Privacy, False Imprisonment, Assault and Battery, IIED, and NIED.

Defendant Dan Cunningham has filed a Motion to Dismiss the remaining claims against him for lack of subject matter jurisdiction on the grounds that the state-law tort claims against him do not arise out of the same nucleus of operative fact as the federal question in this case.

United States District Court
Northern District of California

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **DENIES** the Motion to Dismiss.[1]

## I.     INTRODUCTION

Plaintiffs allege that Defendant Joe Cunningham convinced Natalya to uproot herself and her teenage daughter, Liza, to move from their native Russia to the United States, where Natalya would marry Joe.  Once Plaintiffs arrived at Joe's rural house in Clearlake, California, they were forced into involuntary servitude.  For seven months, Plaintiffs claim they were forced by the Defendants' verbal and physical threats to perform heavy outdoor labor.  Although Dan was not a full-time resident on the property, he lived there on weekends.  Dan is "a very large man"; his physical presence itself is alleged to have served as a reminder that Plaintiffs could not escape.  Additionally, Dan routinely would forcibly grab, kiss, and fondle Liza, and he made sexual references about her body.  Dan would enter Liza's bedroom without her consent while she was dressing or burst into the bathroom while she was showering.  In September 2007, after seven months, Plaintiffs were able to escape and move to a shelter.

Plaintiffs' First Amended Complaint alleges eight causes of action: (1) forced labor under the TVPRA; (2) trafficking under the TVPRA; (3) invasion of privacy; (4) false imprisonment; (5) assault and battery; (6) fraud; (7) IIED; and (8) NIED.  On September 19, 2011, Judge Seeborg partially granted the Defendants' motion to dismiss for failure to state a claim.  The TVPRA claims against Dan were dismissed without leave to amend; the sole remaining federal claim is Natalya and Liza's TVPRA claim against Joe.  Natalya's claims against Joe and Liza's claims against Joe and against Dan for invasion of privacy, false imprisonment, assault and battery, IIED, and NIED also remain.  The fraud claim was dismissed without leave to amend and Natalya's claims for invasion of privacy, false imprisonment, assault and battery, IIED, and NIED against Dan also were dismissed without leave to amend.

---

[1]  Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which has been noticed for hearing on May 29, 2012, is appropriate for decision without oral argument.  Accordingly, the Court **VACATES** the hearing set for May 29, 2012.

Thus, the remaining causes of action alleged against Dan are Liza's state-law torts. Dan moves to dismiss the state law claims against him on the basis that the claims against him arise out of separate facts and are completely unrelated to the Federal Question in this case.

## II.    LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the subject matter jurisdiction of the Court. *See, e.g., Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003). Federal courts have original jurisdiction over cases that involve diversity of citizenship, a federal question, or cases to which the United States is a party. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Once the Court has original jurisdiction over some claims, it may exercise supplemental jurisdiction over additional state-law claims that "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).[2] A single "case or controversy" exists whenever the state and federal claims "derive from a common nucleus of operative fact" such that a plaintiff "would ordinarily be expected to try them all in a single judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (holding codified by 28 U.S.C. § 1367). Such supplemental jurisdiction includes not only state-law claims against the defendant named in the federal claim, but also state law claims that involve additional parties. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 588 (2005) (citing 28 U.S.C. § 1367). As long as the claims arise from the same "nucleus of operative facts," the Court may, in its discretion, decide whether to exercise supplemental jurisdiction, taking into account considerations of judicial economy, convenience, and fairness to the litigants.[3] *City of Chicago v. Int'l College of Surgeons*, 522 U.S.

---

[2] The supplemental jurisdiction statute provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a).

[3] The Court may decline to exercise supplemental jurisdiction where any of the following factors exist:
(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
28 U.S.C. § 1367(c).

1  156, 172 (1997) ("pendant [or supplemental] jurisdiction 'is a doctrine of discretion, not of plaintiff's

2  right'") (quoting *Gibbs*, *supra*, 383 U.S. at 726).

3  **III.  DISCUSSION**

4        Federal subject matter jurisdiction in this case is premised on the federal question raised by

5  the claim brought under the TVPRA.  To avoid dismissal for lack of subject matter jurisdiction,

6  Plaintiffs must show that the state tort claims against Dan and the federal TVPRA claims against Joe

7  "derive from a common nucleus of operative fact."  If the claims against Dan meet this standard, then

8  the Court has the power to exercise supplemental jurisdiction.

9        **A.   WHETHER THE COURT HAS SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS**

10       The first issue is whether the Court has the power to exercise supplemental jurisdiction.  Here,

11  Liza's claims against Dan for invasion of privacy, false imprisonment, assault, battery, IIED, and

12  NIED all derive from the same nucleus of operative facts as the claim over which the Court has

13  original jurisdiction.  Specifically, Plaintiffs allege that both Joe and Dan engaged in aggressive

14  behavior and psychological torture to force Liza to stay at Joe's property and to perform heavy

15  manual labor.  Plaintiffs allege that Joe and Dan acted in concert to hold them captive.  The events

16  surrounding Plaintiffs' captivity, forced labor, psychological abuse, and restriction of physical

17  movement are so linked that a plaintiff "would ordinarily be expected to try them all in one judicial

18  proceeding."  *Allapattah Servs., Inc.*, *supra*, 545 U.S. at 580 (quoting *Gibbs*, *supra*, 383 U.S. at 725).

19  The Court is not convinced by Dan's arguments that the "quantum of evidence" needed to adjudicate

20  the claims against him is so fundamentally different from the evidence needed to adjudicate the

21  claims against Joe that it forms a separate case or controversy.  While the conduct described in the

22  FAC does not constitute a claim of forced labor against Dan, Liza's claim of forced labor against Joe

23  and Liza's claims of false imprisonment, assault, battery, and psychological abuse against both Joe

24  and Dan "derive from a common nucleus of operative fact."

25       Based on the foregoing analysis, the Court concludes it may exercise supplemental

26  jurisdiction over the state law claims against Dan.

27

28

United States District Court
Northern District of California

**B.      WHETHER THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION**

Next the Court must decide whether, in its discretion, to exercise supplemental jurisdiction over the claims.  Dan argues that this Court should decline to exercise supplemental jurisdiction on the grounds that the state law claims substantially predominate over the federal claim.  His argument is premised on the assumption that Plaintiffs' TVPRA claim will be disposed of on summary judgment.  However, Defendants' denial of the allegations lodged against them and the promise of forthcoming proof does not weigh in favor of dismissal or a finding that state-law claims predominate.

The state-law claims against Dan "form part of the same case or controversy" as the claim over which the Court has original jurisdiction.  Considerations of fairness, convenience, and judicial economy all dictate that this case be decided in one proceeding.  In sum, the circumstances here do not warrant departure from the exercise of supplemental jurisdiction.

The Court will exercise supplemental jurisdiction over the claims against Dan.

**IV.      CONCLUSION**

The Motion to Dismiss is **DENIED**.

This Order Terminates Docket Number 82.

**IT IS SO ORDERED**.

Date: May 29, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**