IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALYA SHUVALOVA and ELIZABETH SHUVALOVA,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH RICHARD CUNNINGHAM and DANIEL CUNNINGHAM,<br><br>Defendants. | Case No.: C10-2159 JSC<br><br>**ORDER RE: CLARIFICATION ON REMAINING CAUSES OF ACTION (Dkt. No. 105)** |

Plaintiffs filed the initial Complaint in this case on May 19, 2010, alleging eighteen causes of action, two of which were brought under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1589, 1590, 1595. Defendants have filed – and the district court has ruled on – three separate motions to dismiss. (Dkt. Nos. 15, 30, 44, 59, 82, 92.) This case has been reassigned three times, most recently to this Court on June 11, 2012. (Dkt. Nos. 17, 70, 98.)

This Court held an initial case management conference on July 5, 2012. At the case management conference, the parties indicated there might be a disagreement as to which causes of action remain under the TVPRA. The parties were directed to meet and confer and inform the Court of the outcome. The parties were unable to reach an agreement on the

matter, and on July 19, 2012 Plaintiffs filed a letter requesting clarification from this Court. (Dkt. No. 105.) The Court is in receipt of Plaintiffs' letter and issues the following order addressing only the remaining causes of action under the TVPRA. The Court has relied on the parties' previous submissions in connection with the motions to dismiss and the district courts' rulings on those motions.

## DISCUSSION

As a preliminary matter, the Court incorporates the factual summary of this case as set forth in the district court's previous orders on the various motions to dismiss. (Dkt. Nos. 30, 59, 92.) The Court need make no further factual findings for the purposes of this order.

Plaintiffs initially raised two separate causes of action under the TVPRA, 18 U.S.C. §§ 1589, 1590. (Dkt. No. 1.) Section 1589 criminalizes forced labor and Section 1590 criminalizes trafficking into servitude. 18 U.S.C. §§ 1589, 1590. Section 1595, which provides a civil cause of action for any violation under the TVPRA (including Sections 1589 and 1590), is the statute at issue here. Id. § 1595(a) ("An individual who is a victim of a violation [under the TVPRA] may bring a civil action against the perpetrator . . . and may recover damages"); see also Hernandez v. Attisha, No. 09-2257, 2010 WL 816160, at *2 (S.D. Cal. Mar. 5, 2010) (holding that Section 1595 gives rise to a private cause of action for any violation under Chapter 77 of Title 18 (the TVPRA)). Therefore, a party need only state a claim under the TVPRA in order to bring a civil action under Section 1595.

According to Plaintiffs' letter explaining the disagreement, "Defendants assert that [Section] 1595 does not support a separate cause of action." (Dkt. No. 105 at 1.) The Court is unclear as to the parties' disagreement. Much as a party may bring an action under 42 U.S.C. Section 1983 based on a violation of a constitutional right, a party may bring an action under Section 1595 based on a violation of a different provision of the TVPRA. Hernandez, 2010 WL 816160 at *2.

The district court's Order Granting in Part and Denying in Part Defendants' first motion to dismiss dismissed Plaintiffs' claims based on a violation of Section 1590 (trafficking into servitude) (Second Claim for Relief) but gave Plaintiffs leave to amend.

(Dkt. No. 30 at 6.)  The court also dismissed Plaintiffs' claim based on a violation of Section 1589 (forced labor) (First Claim for Relief) as to only one Defendant (Daniel Cunningham) with leave to amend.  (Dkt. No. 30 at 5.)  Plaintiffs filed a First Amended Complaint raising the same two claims under the TVPRA[1] and Defendants again moved to dismiss.  (Dkt. Nos. 31, 44.)  The district court's Order Granting in Part and Denying in Part Defendants' second motion to dismiss entirely disposed of Plaintiffs' claim under Section 1590 (Second Claim for Relief) without leave to amend.  (Dkt. No. 59 at 4.)  The district court's order also dismissed Plaintiffs' claim based on a violation of Section 1589 (First Claim for Relief) without leave to amend as to Defendant Daniel Cunningham, but the Section 1589 claim survived as against Defendant Joseph Cunningham.  Indeed, the district court noted that the court had previously concluded that the complaint's allegations were sufficient to state a forced labor claim against Joseph Cunningham. (Dkt. No. 59 at 4.)  The district court's subsequent order denying Dan Cunningham's motion to dismiss for lack of subject matter jurisdiction also noted that the "sole remaining federal claim is [Plaintiffs'] TVPRA claim against Joe."  (Dkt. No. 92 at 2.)  Accordingly, Plaintiffs' claim premised on a violation of Section 1589 persists against Defendant Joseph Cunningham.  Thus, Plaintiffs' right to bring a civil action for damages under Section 1595 remains.

## CONCLUSION

Based on the foregoing, the Court finds that Plaintiffs' First Claim for Relief survives as to Defendant Joseph Cunningham.  No other TVPRA claim remains in this action.

This order disposes of Docket No. 105.

**IT IS SO ORDERED.**

Dated:  July 31, 2012

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

---

[1] In the First Amended Complaint, Plaintiffs brought the Section 1589 claim against both Defendants and the 1590 claim against only Defendant Joseph Cunningham.

3